**In re Geoffrey Paul STAINTON and Cindy L. Stainton dba Stainton Auto Body, Debtors.**

**Geoffrey Paul STAINTON and Cindy L. Stainton dba Stainton Auto Body, Appellants,**

v.

**Kyung C. LEE and Anne C. Lee, individually and dba Main Street Auto Center, and Daniel T. Paris, Appellees.**

Bankruptcy No. 590–03304–JRG.

BAP No. NC–91–1479–MePeR.

Adv. No. 900261.

United States Bankruptcy Appellate Panel of the Ninth Circuit.

Argued and Submitted Jan. 21, 1992.

Decided April 20, 1992.

Michael W. Malter, San Jose, Cal., for Geoffrey & Cindy Stainton.

Robert Sturges, San Jose, Cal., for Kyung & Anne Lee.

Daniel T. Paris, in pro per.

Before MEYERS, PERRIS and RUSSELL, Bankruptcy Judges.

## OPINION

MEYERS, Bankruptcy Judge:

### I

 Geoffrey Paul Stainton and Cindy L. Stainton ("Debtors") appeal from two orders[1] of the bankruptcy court which

---

**1.** Every judgment entered in an adversary pro- ceeding or contested matter must be set forth on

awarded them $1,495 in damages for attorneys' fees and costs incurred as the result of the Appellees' violation of the automatic stay. We REVERSE.

## II

## FACTS

Geoffrey Paul Stainton ("Stainton") operates an auto body shop in Milpitas, California, which is located on property owned by Appellees Kyung C. Lee and Anne C. Lee ("Lees"). On July 13, 1990, the Debtors filed a petition under Chapter 13 of the Bankruptcy Code ("Code"). Prior to the filing of the petition, the Lees, through their attorney, Appellee Daniel T. Paris ("Paris"), filed an unlawful detainer action in state court against Stainton. The state court trial was scheduled for July 16, 1990.

Prior to trial, Stainton's attorney submitted a copy of the Debtors' bankruptcy petition to the state court and to Paris and informed them of the application of the automatic stay. Nevertheless, the state court ruled that the automatic stay did not apply to the unlawful detainer action and that the trial could proceed. Upon conclusion of the trial, judgment was entered in favor of the Lees.

On July 30, 1990, the Debtors filed a complaint in the bankruptcy court against the Lees and Paris alleging a violation of the automatic stay. The Debtors requested actual and punitive damages pursuant to Section 362(h) of the Code.[2]

On December 10, 1990, the bankruptcy court held that the Lees and Paris had willfully violated the automatic stay and it granted the Debtors' motion for summary judgment. The court determined that the reasonable amount of attorneys' fees and costs incurred by the Debtors in prosecuting the violation of the stay amounted to $6,973.10. However, the court ordered the Lees and Paris to pay only $1,495.00 of the fees with the balance to be borne by the bankruptcy estate. The Debtors appeal.

## III

## STANDARD OF REVIEW

■ The bankruptcy court's interpretation and application of Section 362(h) is a conclusion of law subject to *de novo* review. *In re Pacific Far East Lines, Inc.,* 889 F.2d 242, 245 (9th Cir.1989); *In re Globe Inv. and Loan Co., Inc.,* 867 F.2d 556, 559 (9th Cir.1989).

## IV

## DISCUSSION

The issue before us is whether, under Section 362(h), the bankruptcy court has discretion to allocate reasonably incurred attorneys' fees and costs between the violating parties and the injured individual even though the language of Section 362(h) states that the injured individual *shall* recover actual damages.

■ The task of resolving the dispute over the meaning of a statute begins with the language of the statute itself. *Hallstrom v. Tillamook County,* 493 U.S. 20, 25,

---

a separate document. Fed.R.Bankr.P. 9021; Fed.R.Civ.P. 58. "Separate document" means that the judgment or order must be separate from an opinion or memorandum of the court. *In re Smith Corset Shops, Inc.,* 696 F.2d 971, 975 (1st Cir.1982); *In re Pederson,* 78 B.R. 264, 266 (9th Cir. BAP 1987), *aff'd,* 875 F.2d 781 (9th Cir.1989).

On April 8, 1991, the bankruptcy court filed a Memorandum Decision and Order. Under the separate document rule, the bankruptcy court should have entered the Order separately from the Memorandum.

Failure to comply with the rule gives the reviewing court the discretion to dismiss or remand. *Pederson, supra,* 78 B.R. at 266. The parties, however, are free to waive the requirements of the rule. *Bankers Trust Co. v. Mallis,*

435 U.S. 381, 384, 98 S.Ct. 1117, 1119, 55 L.Ed.2d 357 (1978). If the decision is intended as the final decision, and the appellee has not objected to the taking of the appeal in the absence of a separate order, the Panel may properly assume jurisdiction over the appeal. *In re Johnson,* 62 B.R. 24, 27 (9th Cir. BAP 1986). Accordingly, the Panel has jurisdiction over this appeal, notwithstanding a violation of the separate document rule.

**2.** Section 362(h) provides: "An individual injured by any willful violation of a stay provided by this section shall recover actual damages, including costs and attorneys' fees, and, in appropriate circumstances, may recover punitive damages." 11 U.S.C. § 362(h).

110 S.Ct. 304, 308, 107 L.Ed.2d 237 (1989); *United States v. Ron Pair Enterprises, Inc.*, 489 U.S. 235, 241, 109 S.Ct. 1026, 1030, 103 L.Ed.2d 290 (1989); *In re Seidel*, 752 F.2d 1382, 1384 (9th Cir.1985). Referring to the Bankruptcy Code, the Supreme Court has stated that "as long as the statutory scheme is coherent and consistent, there generally is no need for a court to inquire beyond the plain language of the statute." *Ron Pair Enterprises, supra,* 489 U.S. at 240–41, 109 S.Ct. at 1030. Thus, the plain meaning of the statute should be conclusive except in the rare cases in which the literal application of the statute would produce a result demonstrably at odds with the intention of its drafters. 489 U.S. at 242, 109 S.Ct. at 1031.

■■■ Section 362(h) expressly states that "[a]n individual injured by any willful violation of a stay ... *shall* recover actual damages, including costs and attorneys' fees...." 11 U.S.C. § 362(h) (emphasis added). The plain language of the statute requires that the injured party be awarded the entire amount of actual damages reasonably incurred as a result of a violation of the automatic stay. Under the circumstances of this case, allocating a portion of the actual damages as an expense to be borne by the bankruptcy estate is inconsistent with the plain language of the statute.

■■■ It is well established that the bankruptcy court has discretion to determine the reasonableness of the fees and costs and to set the amounts accordingly. Once the court makes such a determination, however, it should award the fees to the injured party. There is nothing in Section 362(h) or in the case law to support the proposition that the bankruptcy court has discretion to allocate payment of reasonable fees between the violating parties and the injured individual.

REVERSED and REMANDED.