**In re Dennis R. WALSH, Debtor.**

**Dennis R. WALSH, Plaintiff,**

**v.**

**BEARD'S QUALITY NUT CO., and Rodney Beard, Defendants.**

Bankruptcy No. 93–11166.
Adversary No. 93–1299.

United States Bankruptcy Court,
N.D. California.

June 9, 1997.

Anne L. Keck, Santa Rosa, CA, for defendants.

David N. Chandler, Santa Rosa, CA, for plaintiff.

## Memorandum of Decision

ALAN JAROSLOVSKY, Bankruptcy Judge.

This court awarded debtor Dennis Walsh a large judgment against defendant Rodney Beard pursuant to section 362(h) of the Bankruptcy Code based on Beard's serious and repeated violations of the automatic stay.[1] The judgment was affirmed by the district court and the Court of Appeals. Walsh's request for attorneys' fees on appeal has now been referred to this court pursuant to Circuit Rule 39–1.8.[2]

The issue of whether section 362(h) mandates an award of attorneys' fees on appeal to a successful debtor has been recognized but not resolved by the Court of Appeals. *In re Del Mission Limited,* 98 F.3d 1147, 1154 n 7 (9th Cir.1996). However, at least two district courts sitting as appellate courts have found that the mandatory attorneys' fees provision of section 362(h) includes fees on

---

1. Section 362(h) provides:
   (h) An individual injured by any willful violation of a stay provided by this section shall recover actual damages, including costs and attorneys' fees, and, in appropriate circumstances, may recover punitive damages.

2. Circuit Rule 39–1.8 provides:
   39–1.8 Request for Transfer. Any party who is or may be eligible for attorneys fees on appeal to this Court may, within the time permitted in Circuit Rule 39–1.6, file a motion to transfer consideration of attorneys fees on appeal to the district court or administrative agency from which the appeal was taken.
   The matter is automatically referred from the district court to this court pursuant to Local Rule 5011–1(a).

appeal. *In re Fingers,* 170 B.R. 419, 434–35 (S.D.Cal.1994); *In re Cascade Roads, Inc.,* 71 A.F.T.R.2d 93–1105, 1993 WL 461297 (W.D.Wash.1993), rev'd on other grounds 34 F.3d 756 (9th Cir.1994). But see *FHLMC v. McCormack,* 1996 WL 753938 (D.N.H.1996).

■ Statutes providing for the recovery of attorneys' fees by the prevailing party in the trial court are generally construed to allow the recovery of such fees on appeal. 5 Am. Jur.2d, Appellate Review, section 919. Federal courts have followed this rule in several areas of law where there are such statutes. See, e.g., *Vasquez v. Fleming,* 617 F.2d 334 (3rd Cir.1980) [civil rights]; *Williams v. Matthews Co.,* 499 F.2d 819 (8th Cir.1974) [fair housing]; *Twentieth Century Fox v. Goldwyn,* 328 F.2d 190, 222 (9th Cir.1964), cert den 379 U.S. 880, 85 S.Ct. 143, 13 L.Ed.2d 87 [antitrust].

The Court of Appeals seems to have departed from the general rule in *In re Vasseli,* 5 F.3d 351 (9th Cir.1993). However, that case dealt with a very unusual statute (section 523(d) of the Bankruptcy Code) which provides for attorneys' fees only in certain circumstances and only to a successful *defendant,* not a plaintiff. Section 362(h) has no similar restrictions and, unlike section 523(d), specifically identifies attorneys' fees as an item of *damages.* Since the statutes are so dissimilar, the holding in *Vasseli* should not be extended to 362(h) cases.

The district court decision in *In re Cascade Roads, Inc.,* supra, was reversed because the debtor in that case was not an individual. However, its rationale in favor of extending the mandatory award of attorneys' fees to appeals of 362(h) judgments remains sound:

"... the statute expressly allows [the debtor] to recover costs and attorney's fees for its efforts to enforce the automatic stay when the stay has been willfully violated. These efforts include the defense on appeal of the bankruptcy court's judgment. Moreover, for [the debtor] to recover attorney's fees under section 362(h) in bankruptcy Court, and then be denied such a recovery when that court's holdings are fully upheld on appeal, would contradict both logic and equity."

It is easy to understand why the district court in *Cascade* found it illogical to deny fees to the debtor on appeal. Section 362(h) specifically identifies attorneys' fees as part of the damages to which the debtor is entitled to make him or her whole. Fees incurred on appeal are no less damages than those incurred at trial, and the debtor will not be made whole unless he or she recovers all fees.

For the foregoing reasons, the court will grant Walsh's motion for attorneys' fees on appeal. The court has reviewed the fee request and finds the fees in question to be very reasonable; they will accordingly be allowed as sought. Counsel for Walsh shall submit an appropriate form of order.