**In re COLORTRAN, INC., Debtor.**

**EXPEDITORS INTERNATIONAL OF WASHINGTON, INC., Appellant,**

v.

**COLORTRAN, INC.; Citicorp North America, Inc.; Citibank, N.A.; and U.S. Trustee, Appellees.**

**BAP No. CC–96–1170–JPMe.**
**Bankruptcy No. LA 95–36537 ER.**

United States Bankruptcy Appellate Panel of the Ninth Circuit.

Argued and Submitted Nov. 20, 1996.

Decided July 25, 1997.

Robert E. White, San Francisco, CA, for Expeditors Intern. of Washington, Inc.

Gregory K. Jones, Hennigan, Mercer & Bennett, Los Angeles, CA, for Colortran, Inc.

Before JONES, PERRIS [1] and MEYERS, Bankruptcy Judges.

## OPINION

JONES, Bankruptcy Judge.

Appellant Expeditors International of Washington, Inc. ("Expeditors") appeals an order of sanctions for willful violation of the automatic stay. Expeditors is a freight forwarder for the debtor Colortran, Inc. ("Colortran") and was in the process of shipping Colortran's goods when Colortran filed bankruptcy. Expeditors held on to the goods in shipment and refused to deliver them until Colortran paid a past-due bill on a previous shipment. The bankruptcy court found that Expeditors willfully violated the stay by refusing to release the goods and sanctioned Expeditors $1,000. We hold that Expeditors willfully violated the stay. However, the bankruptcy court erred in awarding sanctions under § 362 to a corporate debtor. We **REVERSE AND REMAND**.

## I. FACTS

Colortran is a manufacturer of lighting fixtures for stage, studio and architectural applications. Colortran installs lighting and control equipment for theaters, major television networks, art centers, hotels and theme parks. Expeditors is Colortran's freight forwarder. On October 16, 1995, Colortran filed for chapter 11 relief.[2] On the date Colortran filed its petition, Expeditors was in the possession of a shipment of Colortran's lighting filters which were being shipped from the United Kingdom. The value of the shipment was $88,569. Colortran owed a past-due bill of $8,145.94 to Expeditors for accrued transportation and storage charges on a previous unrelated shipment. Expeditors informed

counsel for Colortran that Expeditors had a lien for the past-due bill which attached to the shipment in possession.

Expeditors based its assertion of a lien on invoices and a credit application signed by Colortran. Each shipment that Expeditors performed was accompanied by a standard invoice which provides:

General Lien on Any Property. [Expeditors] shall have a general lien on any and all property (and documents relating thereto) of [Colortran], in its possession, custody or control or en route, for all claims for charges, expenses or advances incurred by [Expeditors] in connection with any shipments of [Colortran].

This same standard term and condition was included in the credit application. Colortran also executed a power of attorney in favor of Expeditors which incorporated this provision by reference. Based on these documents, Expeditors contacted Colortran's counsel and asserted that Expeditors had a valid lien. Colortran determined that it would be more cost-effective to pay Expeditors the past-due balance rather than incur the expense of litigation over the validity of the lien. In addition, Colortran had recently received a large order from a major customer which required the shipment being held by Expeditors. Colortran filed a motion for order approving a compromise whereby Colortran would pay the past-due bill and Expeditors would release the shipment. In its motion, Colortran stated, "Expediters [*sic*] refuses to release the Shipment to Colortran until Colortran is current on all of its outstanding obligations to Expediters [*sic*]." The bankruptcy court denied the motion on the basis that Expeditors was "blackmailing" Colortran by refusing to release the shipment. The court found that Expeditors did not have a valid lien and that Expeditors was attempting to bootstrap itself into a position over other unsecured creditors. Neither Expeditors nor its counsel was present at the hearing. The court then ordered Expeditors

1. The Honorable Elizabeth L. Perris, Bankruptcy Judge for the District of Oregon, sitting by designation.

2. Unless otherwise indicated, all references to Chapters, Sections and Rules are to the Bankruptcy Code, 11 U.S.C. § 101, *et seq.*, and to the Federal Rules of Bankruptcy Procedure, Rules 1001, *et seq.*

to turn over the shipment and ordered Colortran to file a motion for violation of the stay.

Colortran's motion for willful violation of the stay came on for hearing on January 10, 1996. The bankruptcy court granted the motion and sanctioned Expeditors $1,000. Expeditors appeals.

## II. ISSUE

1. Did Expeditors willfully violate the automatic stay?

2. Did the bankruptcy court err in awarding sanctions under § 362(h) to a corporate debtor?

## III. STANDARD OF REVIEW

We review the bankruptcy court's finding that Expeditors' actions constituted a willful violation of the automatic stay for clear error. *In re McHenry*, 179 B.R. 165, 167 (9th Cir.BAP 1995)(citing *In re Roberts*, 175 B.R. 339, 343 (9th Cir.BAP 1994)). We review the court's award of sanctions for willful violation of the stay for abuse of discretion. *Id.* The court abuses its discretion when, among other things, it bases its decision on an erroneous conclusion of law. *In re AM Int'l. Inc.*, 67 B.R. 79, 81 (N.D.Ill.1986). Whether sanctions may be imposed on a corporation under § 362(h) is a question of law. *See In re Pace*, 67 F.3d 187 (9th Cir.1995).

## IV. DISCUSSION

A. *Expeditors Willfully Violated The Automatic Stay.*

The automatic stay, governed by § 362, is one of the most fundamental protections of bankruptcy. Section 326 provides that the filing of a bankruptcy petition operates as a stay of:

(3) any act to obtain possession of property of the estate or of property from the estate or to exercise control over property of the estate;

(4) any act to create, perfect, or enforce any lien against property of the estate;

(5) any act to create, perfect, or enforce against property of the debtor any lien to the extent that such lien secures a claim

that arose before the commencement of the case under this title;

(6) any act to collect, assess, or recover a claim against the debtor that arose before the commencement of the case under this title....

11 U.S.C. § 362(a) (1994).

■■■ The purpose of the stay is to give the debtor a breathing spell from its creditors, "to stop all collection efforts, harassment and foreclosure actions." *In re Peters*, 184 B.R. 799, 803 (9th Cir.BAP 1995), *rev'd on other grounds*, 101 F.3d 618 (9th Cir.1996) (quoting Notes of Committee on the Judiciary, Sen. Rep. No. 989, 95th Cong., 2d Sess. 54, *reprinted in* 1978 U.S.Code. Cong. & Ad. News 5787, 5840). The stay also protects creditors as a class from the possibility that one creditor will obtain payment on its claims to the detriment of all others. *Hillis Motors, Inc. v. Hawaii Auto. Dealers' Ass'n*, 997 F.2d 581, 585 (9th Cir.1993).

■■■ "A 'willful violation' does not require a specific intent to violate the automatic stay." *In re McHenry*, 179 B.R. 165, 167 (9th Cir.BAP 1995). A violation of the stay is considered willful where the creditor knew of the automatic stay and intentionally performed an act that violated the stay. *Peters*, 184 B.R. at 804; *In re Bloom*, 875 F.2d 224, 227 (9th Cir.1989). A creditor's good faith belief that it had a right to the property is not relevant to whether the act was willful or whether damages must be imposed. *Id.* at 227; *Peters*, 184 B.R. at 804(citing *In re Taylor*, 884 F.2d 478, 482–83 (9th Cir.1989)).

■■■ In this case, Expeditors retained possession and exercised control over the shipment, which was property of the estate. Expeditor did not release the shipment because of its belief that possession of the shipment was required to retain its alleged perfected lien on a pre-petition debt. The issue of the validity of Expeditors' lien is not before us today. On November 14, 1995, the bankruptcy court issued an order denying the compromise and stating that Expeditors did not have a valid and perfected lien. That order is the subject of another appeal pending in this court. The order properly before us is the order granting sanctions entered

February 1, 1996. The first issue before us is whether Expeditors willfully violated the stay, which we answer in the affirmative.

The act of possessing or exercising control over property of the estate is a violation of the stay under § 362(a)(3). In addition, any act to enforce a lien against property of the estate is a violation of the stay pursuant to § 362(a)(4). Expeditors' actions fall under both of these subsections because Expeditors retained possession of the shipment in order to enforce its alleged perfected lien which lien secures a pre-petition debt. Furthermore, Expeditors sought to collect or recover the pre-petition debt of $8,145.94, which is a violation of the stay pursuant to § 362(a)(6). Expeditors' belief, albeit in good faith, that it had a right to possess property of the estate is not relevant to the query of whether the act was willful. Expeditors knew of the stay. The record is clear that Expeditors intended to retain the shipment to enforce or maintain its alleged perfected lien. Expeditors was also attempting to get itself in a better position than other creditors. Expeditors' actions constitute a willful violation of the stay.

Expeditors argues that it did not act in violation of the stay, but rather was simply presenting legal theories to the debtor. Expeditors cites *In re Murray*, 89 B.R. 533 (Bankr.E.D.Pa.1988), for the proposition that when a creditor merely states its lien rights and legal issues to the debtor, there is no violation of the stay. We agree with that proposition. *Murray*, however, did not involve a creditor who exercised control over property of the estate. In *Murray*, the debtor's counsel queried of the creditor's counsel whether a foreclosure action was permitted for a nonpayment default. The creditor's counsel responded to the debtor's counsel explaining that the creditor would commence foreclosure proceedings if the debtor received a discharge. The creditor's counsel then suggested that the debtor reaffirm its mortgage debt. The court in *Murray* held that the stay was not violated because counsel were merely exchanging legal theories. *Id.* at 536. *Murray* is not applicable to this case. Expeditors did not merely exchange legal theories regarding its lien with debtor's counsel, as Expeditors suggests. Instead,

Expeditors specifically stated that it would retain the shipment as collateral to perfect its lien, and that it had no intention of releasing the shipment for this reason. This is an act of control over property of the estate, not merely an exchange of legal theories. Such an act of control over property of the estate violates the stay. *In re Del Mission Ltd.*, 98 F.3d 1147, 1151 (9th Cir.1996)(stating that a creditor's knowing retention of estate property constitutes a violation of the stay).

The purpose of the automatic stay is "to alleviate the financial strains on the debtor." *Id.* A creditor who possesses property of the estate on the date the bankruptcy petition is filed has an obligation to turn that property over to the debtor or to the trustee. 11 U.S.C. § 542(a) (1994). "To effectuate the purpose of the automatic stay, the onus to return estate property is placed upon the possessor; it does not fall on the debtor to pursue the possessor." *Del Mission*, 98 F.3d at 1151. A creditor who fails to return the estate's property after it knows of the debtor's bankruptcy is subject to sanction for willful violation of the automatic stay. *Id.*; *see In re Goodman*, 991 F.2d 613 (9th Cir. 1993).

When the creditor's perfection of its security interest is dependent on possession of estate property, the question arises how the creditor can comply with §§ 362 and 542 and still protect its perfected security interest. A creditor who requires possession in order to achieve or maintain perfection has the right to file a motion for relief from the stay and request adequate protection such that its lien rights are preserved. However, the creditor must tender the goods or face sanctions for violation of the stay. The creditor has a right to and may request terms of adequate protection while simultaneously returning the goods. However, while the creditor may suggest terms of adequate protection, it may not unilaterally condition the return of the property on its own determination of adequate protection. If the creditor and the debtor cannot agree on what constitutes adequate protection, the creditor can request a hearing, with the debtor having the burden of proving that the creditor's rights will be adequately protected. If the creditor

828

is concerned that its interest will be irreparably harmed if the property is turned over before the motion for relief from stay can be heard, it may request an emergency hearing under § 362(f). In all cases, however, any prerequisite to turnover is determined by the bankruptcy court, not by the creditor. *In re Sharon*, 200 B.R. 181, 193 (Bankr.S.D.Ohio 1996). This procedure protects the debtor from having to pursue the possessor of property of the estate and against the danger of having the creditor make its own determination of adequate protection, while also protecting the creditor from a sanction for willful violation of the automatic stay.

Expeditors argues that it never refused to deliver the shipment and that it would have released the shipment upon Colortran's stipulation that Expeditors' lien was preserved. If Expeditors and the debtor had stipulated to adequate protection and Expeditors had simultaneously returned the shipment, the stay would not have been willfully violated. When as here, the debtor disputes the validity or extent of the creditor's lien, the stipulation could merely provide that whatever rights Expeditors had by virtue of its possession would be preserved and that the debtor does not waive its right to dispute the validity or extent of the lien. Here however, the bankruptcy court correctly made a finding that Expeditors never offered to release the shipment even upon execution of an adequate protection stipulation. Expeditors did not offer the debtor a stipulation. Instead Expeditors' counsel testified that he informed Colortran that he could not voluntarily surrender possession of the shipment or Expeditors would lose its secured position. Expeditors' counsel testified that he gave Colortran two choices; (1) pay the lien; or (2) Expeditors would file a motion for relief from the stay.

Regardless of the exact dialogue between Expeditors' counsel and Colortran's counsel, by retaining possession of Colortran's shipment based on a pre-petition debt, Expeditors was exercising control over estate property. Furthermore, in Colortran's motion for approval of the compromise, Colortran stated that Expeditors refused to release the shipment unless Colortran became current on all outstanding obligations. By

its failure to object to this language and its actions in withholding the shipment, Expeditors did refuse to release the shipment until the past-due bill was paid. This act was a willful violation of the automatic stay.

B. *The Bankruptcy Court Erred In Awarding Sanctions Under § 362(h) To A Corporate Debtor.*

Although we find that Expeditors willfully violated the automatic stay, the debtor corporation is not an individual and is thus not entitled to recover damages under § 362(h). *In re Goodman*, 991 F.2d 613, 616 (9th Cir.1993). Section 362(h) allows an "individual" to recover damages for violations of the automatic stay. The Ninth Circuit first analyzed the term "individual" under this section in *Goodman*, in which the court held that a corporation was not an individual and thus could not recover under § 362(h). *Id.* The court however, did state that a corporation may recover contempt sanctions for violations of the stay under § 105. *Id.* at 620. Section 105(a) provides:

The court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title. No provision of this title providing for the raising of an issue by a party in interest shall be construed to preclude the court from, sua sponte, taking any action or making any determination necessary or appropriate to enforce or implement court orders or rules, or to prevent an abuse of process.

11 U.S.C. § 105(a) (1994). The primary difference between damages under § 362(h) and damages under § 105 is that § 362(h) damages are mandatory whereas damages are discretionary for civil contempt under § 105. *Id.* The court in *Goodman* remanded the case to the bankruptcy court to make a determination as to whether to impose sanctions under § 105. *Goodman* was followed by *In re Chugach Forest Prods., Inc.*, 23 F.3d 241, 244 (9th Cir.1994), which held that although § 362(h) does not apply to corporations, bankruptcy courts retain discretion to award damages to injured corporate debtors for violations of the stay.

The next Ninth Circuit case on point was *In re Cascade Roads, Inc.*, 34 F.3d 756 (9th Cir.1994). In *Cascade Roads*, the bankruptcy court awarded a corporate debtor damages for injuries from violations of the stay under § 362(h). *Id.* at 766. After the appeal in *Cascade Roads* was filed, the Ninth Circuit issued the *Goodman* decision, holding that corporate debtors could not recover damages under § 362(h). *Id.* Due to this change in the law, the Ninth Circuit in *Cascade Roads* remanded to allow the bankruptcy court to determine whether and to what extent damages would be imposed for civil contempt. *Id.*

The Ninth Circuit then extended the *Goodman* rationale to trustees in *In re Pace*, 67 F.3d 187, 193 (9th Cir.1995), in which the court held that a trustee is not an individual and thus cannot recover damages under § 362 for violations of the stay, but is able to recover damages under § 105 for violations of the stay. The court in *Pace* remanded to the bankruptcy court and stated that although the bankruptcy court did not specifically cite to § 105(a) as a basis for awarding costs and attorney's fees, damages were appropriate under § 105(a). *Id.* at 192.

In this case, the bankruptcy court awarded the debtor damages specifically under § 362(h) as requested in Colortran's motion for sanctions. As the debtor is a corporation, damages cannot be awarded under this section. However, damages may be appropriate under § 105(a). We remand the case to the bankruptcy court to make a determination as to whether to impose sanctions under § 105. We remind the trial court that it cannot impose sanctions for the costs or fees attendant to the debtor's defense of this appeal. *Del Mission*, 98 F.3d 1147, 1153 (9th Cir. 1996); *In re Vasseli*, 5 F.3d 351, 353–54 (9th Cir.1993).

## V. CONCLUSION

Expeditors willfully violated the automatic stay by withholding Colortran's shipment. However, damages for willful violation of a stay may not be awarded to a corporate debtor under § 362(h). Accordingly, **WE REVERSE AND REMAND.**