**In re Dennis R. WALSH, dba Sebastopol Apple Growers United, dba Sagu, Inc., Debtor.**

**Rodney BEARD, dba Beard's Quality Nut Co., Appellant,**

v.

**Dennis R. WALSH, Appellee.**

**BAP No. NC–97–1480–NRRY.**

**Bankruptcy No. 93–11166 AJ.**

United States Bankruptcy Appellate Panel of the Ninth Circuit.

Argued and Submitted March 18, 1998.

Decided April 30, 1998.

---

Anne L. Keck, Ahern & Keck, Santa Rosa, CA, for Rodney Beard.

David N. Chandler, Law Offices of David N. Chandler, Santa Rosa, CA, for Dennis R. Walsh.

Before NIELSEN,[1] RUSSELL and RYAN Bankruptcy Judges.

## OPINION

NIELSEN, Bankruptcy Judge.

Appellant Rodney Beard appeals the bankruptcy court's ruling assessing appellate attorney's fees pursuant to 11 U.S.C. § 362(h).[2] We **AFFIRM**.

## I.  FACTS

Appellee Dennis R. Walsh was the owner of a "packing line" used for packing fruit. Prior to filing bankruptcy, appellee leased real property from Beard, which was used to operate the packing line.  Beard was granted a security interest in all of Walsh's assets. The packing line was required to remain on Beard's premises, unless Beard consented otherwise.

One week prior to the bankruptcy filing, Walsh leased his possessory rights and interests in the packing line to Central Valley Apple Packing, Inc. ("CVAC").  Walsh would receive $1.00 per box of fruit CVAC packed. CVAC was solely owned and managed by Walsh's wife.

Walsh filed a chapter 11 bankruptcy petition on May 12, 1993.  Walsh assumed the lease with.CVAC. In November 1993, Beard allegedly attempted to purchase the equipment in circumvention of the bankruptcy

1.  Hon. George B. Nielsen, Jr., Chief Bankruptcy Judge for the District of Arizona, sitting by designation.

2.  Unless otherwise indicated, all references to "chapter" or "section" are to the Bankruptcy Code, 11 U.S.C. §§ 101–1330, and all references to "rules" are to the Federal Rules of Appellate Procedure ("Fed. R.App.P.") 1–48.

laws, and Walsh declined the offer. On November 19, 1993, Beard served on Walsh a three-day notice to cure or quit, and a thirty-day notice to quit, requiring proof of insurance. Walsh furnished such proof.

In December 1993, Walsh began dismantling and moving the equipment. On December 7, 1993, Beard filed an ex parte application for an order preventing Walsh from removing the equipment. The court denied the motion as procedurally defective.

On December 8, 1993, Walsh sent a moving truck and workers to remove the equipment. Beard resisted these efforts. On the next day, Walsh's workers tried again, and Beard allegedly physically sabotaged the removal efforts by cutting the power, and unsuccessfully attempted to bribe Walsh's workers.

On December 9, 1993, both parties filed actions seeking injunctive relief. Walsh's complaint alleged violation of the automatic stay and sought damages.

On April 5, 1994, Walsh amended his complaint to include punitive damages. After a discovery cutoff date of May 3, 1994, Walsh took the depositions of Beard and an employee of Beard. The depositions had originally been scheduled for April 26, 1994. Beard did not appear for his deposition and was fined $2,500 by the bankruptcy court. During this period, Walsh mentioned, for the first time, the existence of an orange packing contract that Beard's actions had allegedly damaged.

Trial was set for June 3, 1994. Beard sought a continuance on May 13, 1994. The continuance motion was based on amendment of the complaint, a counterclaim Beard included in his answer to the amended complaint, and Beard's desire to conduct additional discovery. The motion was denied.

In an ex parte application to set pre-trial conference, Beard stated that he had learned only recently of the orange packing contract. He asked to be permitted to take the deposi-tions of Walsh, Walsh's son and a third party with knowledge of the orange contract. In response to this request, the court allowed Beard to depose Walsh on the day before trial.

The court conducted a bench trial on June 3 and 6, 1994. On June 7, 1994, Beard was found liable to Walsh. Appellee was awarded $3,000 in moving costs, $100,000 for lost profits under the orange contract, $100,000 in punitive damages and $39,010 in attorney's fees. Judgment was entered on June 23, 1994. Beard appealed.

The district court affirmed the bankruptcy court on all issues, except for $2,500 assessed Beard for failing to attend the deposition.[3]

Beard appealed to the Ninth Circuit Court of Appeals. A December 27, 1996, memorandum decision affirmed the district court stating that "[w]hile Beard injured Central Valley Apple Packing, a non-debtor, he also injured Walsh's bankruptcy estate by violating the automatic stay."[4]

On or about March 28, 1997, Walsh filed in the Circuit Court an application for attorney's fees and a motion to transfer the request for appellate attorney's fees. Walsh did not cite the basis for seeking appellate fees. The request was to transfer this issue back to the bankruptcy court.

Beard filed an objection to the transfer motion, dated April 11, 1997. He noted that Walsh failed to identify authority for requesting appellate fees. Beard believed Walsh was seeking fees pursuant to section 362(h). Beard argued that section 362(h) was inappropriate for awarding appellate fees and requested that the Circuit retain jurisdiction.

On April 10, 1997, the Circuit Court granted the transfer. On May 4, 1997, Walsh filed an "Amendment to Application for Attorney's Fees on Appeal" specifying the authority for award of such fees as 11 U.S.C. § 362(h).

3. Beard's main argument on appeal was that he was not given adequate notice of the existence of the orange packing contract prior to trial and was unable to defend against the charge that his efforts to prevent removal of the equipment caused the unraveling of that contract and a loss of $100,000 to Walsh. Other issues included whether debtor had a property interest in the packing equipment, damage calculations, attorney's fees and punitive damages.

4. Beard filed a petition for writ of certiorari on July 17, 1997, which was placed on the docket August 11, 1997, as No. 97–260. On November 10, 1997, the petition was denied.

On May 30, 1997, the bankruptcy court heard argument on the fee issue and took the matter under submission.

On June 9, 1997, that court entered its memorandum of decision, ruling that debtor was entitled to attorney's fees incurred resisting appellant's appeal under section 362(h).[5]

## II. ISSUE

Whether the bankruptcy court erred in granting debtor attorney's fees incurred on appeal pursuant to section 362(h).[6]

## III. STANDARD OF REVIEW

A bankruptcy court award of attorney's fees is reviewed for an abuse of discretion or an erroneous application of law. *State of California Employment Development Department v. Taxel (In re Del Mission Limited)*, 98 F.3d 1147, 1152 (9th Cir.1996). However, the bankruptcy court's interpretation and application of section 362(h) are conclusions of law subject to de novo review. *Stainton v. Lee (In re Stainton)*, 139 B.R. 232, 234 (9th Cir. BAP 1992); *In re Pacific Far East Lines, Inc.*, 889 F.2d 242, 245 (9th Cir.1989).

## IV. DISCUSSION

### A.

*Whether a Bankruptcy Court Erred in Awarding Attorney's Fees Incurred in a Non–Frivolous Appeal Pursuant to Section 362(h)*

■ "The task of resolving a dispute over the meaning of a statute begins with the language of the statute itself .... Referring

to the Bankruptcy Code, the Supreme Court has stated that 'as long as the statutory scheme is coherent and consistent, there generally is no need for a court to inquire beyond the plain language of the statute.'" *Stainton v. Lee (In re Stainton)*, 139 B.R. at 234–35. Section 362(h) states: "An individual injured by any willful violation of a stay provided by this section shall recover actual damages, including costs and attorneys' fees, and, in appropriate circumstances, may recover punitive damages." 11 U.S.C. § 362(h).

■ The plain language of the statute requires that the injured party be awarded the entire amount of actual damages reasonably incurred as a result of the violation. *Stainton*, 139 B.R. at 235. In short, the words "shall recover" indicate that Congress intended that the award of actual damages, costs and attorney's fees be mandatory upon finding a willful violation of the stay. *Ramirez v. Fuselier (In re Ramirez)*, 183 B.R. 583, 589 (9th Cir. BAP 1995).

Do actual damages include fees incurred in responding to a non-frivolous appeal? Beard notes this is an issue of first impression and argues such fees cannot be a part of debtor's actual damages. Instead, he asserts, appellate attorney's fees must be awarded pursuant to Federal Rule of Appellate Procedure 38.[7]

### B.

Our Circuit holds that a bankruptcy court lacks authority to award fees incurred in an appeal pursuant to section 523(d).[8] *Vasseli*

---

5. The bankruptcy court opinion was published at 208 B.R. 949 (Bankr.N.D.Cal.1997).

6. Appellant spends a few paragraphs discussing whether this is a final order or an interlocutory order. Appellee does not address the issue. This is a final order assessing stay damages. We need not examine whether leave to appeal is needed.

7. Rule 38 states that "[i]f a court of appeals determines that an appeal is frivolous, it may, after a separately filed motion or notice from the court and reasonable opportunity to respond, award just damages and single or double costs to the appellee."

8. Section 523(d) provides:

> If a creditor requests a determination of dischargeability of a consumer debt under subsection (a)(2) ... and such debt is discharged, the court shall grant judgment in favor of the debtor for the costs of, and a reasonable attorney's fee for, the proceeding if the court finds that the position of the creditor was not substantially justified, except that the court shall not award such costs and fees if special circumstances would make the award unjust.

*v. Wells Fargo Bank,* 5 F.3d 351, 352 (9th Cir.1993).

*Vasseli* held that the appellate court, not the bankruptcy court, has the authority under Rule 38 to award damages for a frivolous appeal. *Id.* at 353.

This holding was extended to include a discretionary award under section 105(a) of appellate attorney's fees for a stay violation. *State of California Employment Development Department v. Taxel (In re Del Mission Limited),* 98 F.3d 1147, 1153–54 (9th Cir.1996). *Del Mission Limited* noted that while the state had violated the stay, "whether that violation authorized the BAP to award Taxel previously incurred appellate fees presents another question entirely." *Id.* at 1152. The court concluded that the BAP's award of fees was erroneous. Section 105(a) [9] was held not to authorize an award of appellate fees as a sanction.[10]

In examining the scope of section 105(a), the court explained that it was "broad enough to provide relief to those entities that are injured by willful violations of the automatic stay, but cannot recover under section 362(h)." *Id.* at 1152. Further,

> [t]he only meaningful difference between awarding damages under section 362(h) as opposed to section 105(a), is that relief under section 362(h) is mandatory, while relief under section 105(a) is discretionary.... However, this does not answer the question of whether section 105(a) authorizes a court to award previously incurred appellate fees.

*Id.* at 1152–53. *See also Expeditors Int'l of Washington, Inc. v. Colortran, Inc. (In re Colortran, Inc.),* 210 B.R. 823, 828 (9th Cir. BAP 1997) ("The primary difference between damages under section 362(h) and damages under section 105(a) is that section 362(h) damages are mandatory whereas damages

are discretionary for civil contempt under section 105.")

In citing *Vasseli, Del Mission Ltd.* rejected the idea that a court's express discretionary authority to award fees at the trial level implied an authority to award appellate fees. Section 105(a) was construed as a vehicle to award discretionary fees at the trial level. *Vasseli* instructs that trial courts should not imply from that limited grant of authority, a similar authority to award fees at the appellate level. *Id.* at 1153–54.

Because an award under section 105(a) was discretionary, the Ninth Circuit noted that

> its use as a device to award previously incurred appellate fees would overlap with Rule 38. Under either authority, a court would be required to consider the merits of the arguments advanced and the manner in which the parties acted in determining whether to award fees. Given that Rule 38 already provides for a discretionary award of fees in frivolous appeals, it would be superfluous to treat section 105(a) as another vehicle to award appellate fees.

*Id.* at 1154.

Thus, the court determined that the "only authority for awarding discretionary appellate fees in bankruptcy appeals is Rule 38." *Id.*[11]

## C.

In making its determination, *Del Mission Limited* limited its holding "to awards of discretionary appellate fees in bankruptcy proceedings. We do not consider whether some bankruptcy statutes, such as section 362(h), may provide for a mandatory award of appellate fees." *Id.* at n. 7.

■ The instant case squarely raises the issue not considered in *Del Mission Limited:* whether section 362(h) mandates an award of appellate fees as part of actual damages of

---

9. Section 105(a) provides that the court "may issue any order ... that is necessary or appropriate to carry out the provisions of this title."

10. Section 105(a), and not section 362(h), was employed because the trustee is not an "individual" within the meaning of section 362(h). *Id.* at 1152.

11. *See also Colortran, Inc.,* 210 B.R. at 829, where the bankruptcy court had erroneously awarded section 362(h) damages to a corporate debtor. The panel remanded to bankruptcy court to determine whether damages were appropriate under section 105(a). The panel reminded the trial court "that it cannot impose sanctions for the cost or fees attendant to the debtor's defense of this appeal."

the injured party. For the reasons cited below, we find that section 362(h) does mandate such an award for a non-frivolous appeal.

First, the reasoning rejected in *Del Mission Limited* was that a trial court's "express discretionary authority to award fees at the trial level implied an authority to award fees at the appellate level." *Del Mission Limited* at 1153. The critical distinction in the present case is that section 362(h) *mandates* that the trial court award reasonable attorney's fees as actual damages. This clearly implies authority to award fees for appellate work. This is the element missing in *Del Mission Limited,* and in *Vasseli.*

The plain meaning of section 362(h) "requires that the injured party be awarded the entire amount of actual damages reasonably incurred as a result of a violation of the automatic stay." *In re Stainton,* 139 B.R. at 235. There is no room for discretion here, as there is in section 523(d) or Rule 38.[12] As such, section 362(h) mandates an award of appellate fees and costs incurred by the injured party. Conversely, by their express terms, section 523(d) and Rule 38 do not.

Second, if appellate fees and costs are only awarded in Rule 38 circumstances, then the injured party is not made whole. Appellant counters that:

> attorney's fees incurred on a nonfrivolous appeal do not "result from" a violation of the automatic stay, but instead result from a legal challenge to the entry of the judgment. Appealing the judgment is not a wrongful act which is intended to be deterred under Section 362(h) as a violation of the automatic stay.

Appellant's Opening Brief at 11–12.

This argument ignores the plain meaning of section 362(h). The statute requires an award of actual damages, including reasonable attorney's fees, caused by the stay violation. Clearly, fees and costs experienced by the injured party in resisting the violator's appeal are part of the damages resulting directly from the stay violation.

Finally, the concerns raised in *Del Mission Limited,* in its examination of section 105(a), are not present here. *Del Mission Limited* is replete with references to the standards for assessing an award within the context of a frivolous appeal. This panel is reviewing whether attorney's fees incurred resisting a non-frivolous appeal can be awarded under section 362(h), as resulting from the stay violation. This is not an instance where an award of appellate fees overlaps Rule 38.

Since Rule 38 provides for a discretionary award of fees in frivolous appeals, it is superfluous to treat section 105 as another vehicle to award appellate fees. *Del Mission, Ltd.,* 98 .F.3d at 1154. *Del Mission* noted that under either section 105 or Rule 38, a court would have to consider the merits of arguments advanced and the manner in which the parties acted, in determining whether to award fees.

Here, holding that section 362(h) mandates an award of appellate fees for a non-frivolous appeal does not interfere with the function of Rule 38, which governs discretionary awards of fees in a frivolous appeal. The court is not required to consider the merits of the arguments advanced and the parties' actions in determining whether fees should be awarded. The only issue is whether the fees incurred were reasonable, as part of the actual damages incurred by the injured party.

## V. CONCLUSION

Section 362(h) mandates damages, including an award of reasonable attorney's fees, when the stay is willfully violated. The damages flowing from a stay violation include fees and costs incurred by the injured party in resisting a non-frivolous appeal. As such, the bankruptcy court properly awarded appellate fees as part of the actual damages incurred by debtor. We AFFIRM.

RYAN, Bankruptcy Judge, concurring.

I concur with the majority's affirmance of the bankruptcy court on the following basis. I would affirm the bankruptcy court's award of appellate attorney's fees because § 362(h)

---

12. Section 523(d) allows for discretion whereas section 362(h) does not. First, section 523(d) provides fees shall be awarded where the court finds that creditor's position was not *substantial-* *ly justified.* However, this may not end the analysis as the court may still not allow reasonable fees if "special circumstances would make the award unjust." *See supra,* n. 8.

is a *mandatory damages provision for willful violation of the automatic stay* which requires that attorney's fees be included in the damages award.

In *Vasseli,* the Ninth Circuit Court of Appeals held that the bankruptcy court was not authorized to award appellate attorney's fees under § 523(d). The Ninth Circuit affirmed and stated:

> We hold that while § 523(d) does authorize attorney's fees for the debtor, it does not grant the bankruptcy court authority to award attorney's fees to the debtor for appellate representation, and refuse to read the authority to award fees incurred on appeal into § 523(d).

*Vasseli,* 5 F.3d at 353.

However, the language and purpose of § 362(h) is different from § 523(d). Section 362(h) states: "An individual injured by any willful violation of a stay provided by this section *shall recover actual damages, including costs and attorneys' fees ....*" 11 U.S.C. § 362(h). Although there is no legislative history to determine congressional intent in enacting § 362(h), the plain language of the statute unambiguously empowers a bankruptcy court to compensate a debtor for actual damages resulting from a willful stay violation.

The inclusion of attorney's fees in a damages award is unique and must be given effect when applying § 362(h). "Ordinarily a statutory right to 'damages' does not include an implicit authorization to award attorney's fees. Indeed, the American Rule presumes that the word 'damages' means damages exclusive of fees." *Summit Valley Indus., Inc. v. Local 112, United Brotherhood of Carpenters and Joiners of Am.,* 456 U.S. 717, 722–23, 102 S.Ct. 2112, 2115, 72 L.Ed.2d 511 (1982) (citations omitted). Thus, attorney's fees are only included in a damages award when "Congress intend[s] to give a broader scope to the term 'damages.'" *Id.* at 723, 102 S.Ct. at 2115. In enacting § 362(h), Congress clearly intended to give a broader scope to the term "actual damages."

The question before us is whether the term "actual damages" is broad enough to encompass appellate attorney's fees. "[T]he Ninth Circuit has held that an individual injured by willful automatic stay violations shall recover damages clearly traceable to such stay violations whether or not those damages are incurred before or after the automatic stay terminates under 11 U.S.C. § 362(c)." *United States v. Fingers (In re Fingers),* 170 B.R. 419, 426 (S.D.Cal.1994) (citing *United States v. Bulson (In re Bulson),* 117 B.R. 537, 538 (9th Cir. BAP 1990), *aff'd,* 974 F.2d 1341 (9th Cir.1992)). "The plain language of the statute requires that the injured party be awarded the entire amount of actual damages reasonably incurred as a result of a violation of the automatic stay." *Stainton,* 139 B.R. at 235. "'An award of attorney's fees is appropriate where an initial violation of the stay is followed by Debtor's [sic] having to resort to the courts to enforce his rights. *In re Shriver,* 46 B.R. 626, 629–30 (Bankr. N.D.Ohio 1985).'" *Sansone v. Walsworth (In re Sansone),* 99 B.R. 981, 987 (Bankr.C.D.Cal.1989)(citing *In re Davis,* 74 B.R. 406, 411 (Bankr.N.D.Ohio 1987)). *Accord Stucka v. United States (In re Stucka),* 77 B.R. 777, 784 (Bankr.C.D.Cal.1987)(citing *Davis,* 74 B.R. at 411). Therefore, when a bankruptcy court determines that a creditor willfully violated the automatic stay, the bankruptcy court is required to award actual damages clearly traceable to and reasonably incurred as a result of the stay violation, including damages suffered by a debtor for "having to resort to the courts to enforce his rights." Thus, an individual debtor injured by a willful stay violation must be able to recover all damages arising from the willful stay violation, including any costs and attorney's fees incurred on appeal.

This interpretation is consistent with the liberal language of § 362(h). The term "actual damages," which specifically includes attorney's fees and costs, is unrestricted. Although § 362(h) does not specifically refer to appellate attorney's fees, the plain language of the statute strongly suggests that they must be included in a damages award under § 362(h) when they result from a willful stay violation. This expansive view of § 362(h) is consistent with the congressional policy to hold an individual debtor harmless from willful violations of the automatic stay.

*Vasseli* is distinguishable because, under § 523(d), an attorney's fee award is required only if the court finds that the position of the

creditor in the nondischargeability action is not substantially justified. Also, unlike § 362(h), § 523(d) does not include the word "damages" which, as previously discussed, should be liberally applied in the stay violation context.

The legislative history of § 523(d) supports this distinction because, unlike § 362(h), Congress did not intend that § 523(d) permit the bankruptcy court to award damages:

> Section 523(d) represents a compromise between the position taken in the House bill and the Senate amendment on the issue of attorneys' fees in false financial statement complaints to determine dischargeability. *The provision contained in the House bill permitting the court to award damages is eliminated.* The court must grant the debtor judgment or a reasonable attorneys' fee unless the granting of judgment would be clearly inequitable.

124 CONG. REC. H11096 (daily ed. Sept. 28, 1978)(statement of Rep. Edwards); S17412 (daily ed. Oct. 6, 1978)(statement of Sen. DeConcini) (emphasis added). Section 523(d) is, therefore, not a damages provision.

Accordingly, *Vasseli* is distinguishable in that § 362(h) mandates the award of attorney's fees as *actual damages* when an individual debtor is harmed by a willful violation of the automatic stay, whereas in the § 523(d) situation, an award of *reasonable attorney's fees* is required if the creditor initiated the proceeding without substantial justification and the debt was determined to be dischargeable.[13]

13. I agree that the majority properly distinguished the instant case from *Del Mission*. Section 105(a) is a discretionary provision that only gives a bankruptcy court authority to award attorney's fees at the trial level, whereas § 362(h) is a mandatory provision that requires a bankruptcy court to award damages traceable to a willful stay violation, including appellate attorney's fees.

14. I also agree with the majority's conclusion that there is no possibility that a bankruptcy court's authority to award damages (including attorney's fees) pursuant to § 362(h) will overlap with an appellate court's authority to award discretionary attorney's fees incurred in defending against a frivolous appeal pursuant Rule 38.

To the extent that the *Vasseli* court determined the appeal to be frivolous under Rule 38 and was concerned that the bankruptcy court's award of

Therefore, I would affirm on the basis that § 362(h) mandates that a bankruptcy court award appellate attorney's fees as part of the actual damages award to an individual debtor for a willful stay violation.[14]

appellate attorney's fees under § 523(d) overlapped with the appellate court's authority to award sanctions for filing a frivolous appeal, the same concerns are not applicable under § 362(h).

The bankruptcy court has the exclusive authority to determine whether there was a willful stay violation, and if so, to determine the amount of actual damages, including attorney's fees, under § 362(h). Conversely, the appellate court has the exclusive authority to determine whether an appeal is frivolous and the amount of sanctions that it deems appropriate. *See Vasseli*, 5 F.3d at 353. The determination of the appellate court of any sanctions for a frivolous appeal would be made before the bankruptcy court is asked to determine an award for appellate attorney's fees under § 362(h). The bankruptcy court would obviously take any sanctions award by the appellate court into consideration in making its damage award.