**In re Clifton E. BUNTON, Debtor.**

**Bankruptcy No. 00–10883–B.**

United States Bankruptcy Court, N.D. Ohio, Eastern Division.

April 4, 2000.

Amended April 25, 2000.

Lee R. Kravitz, Cleveland, OH, for Debtor.

Marvin A. Sicherman, Cleveland, OH, for Automotive Credit Corp.

## MEMORANDUM OF OPINION AND ORDER

RANDOLPH BAXTER, Bankruptcy Judge.

Upon and evidentiary hearing on the Debtor's Motion for Turnover and request for sanction, an examination has been made of the evidence adduced and the record generally. The following findings and conclusions are made.

Debtor filed a Chapter 7 petition on September 20, 1999 and received a general discharge. It is stipulated that in a prior Chapter 7 case, the Debtor did not redeem, reaffirm or surrender the vehicle as is required under § 521(2)(A). The Automotive Credit Corporation (AC) did not challenge Debtor's Chapter 7 case on § 521 violations as it was unaware of the Debtor's Chapter 7 filing until it received the discharge notice. No evidence was adduced to show that AC had no knowledge of Debtor's Chapter 7 case until it received a copy of Debtor's Chapter 7 discharge notice on January 20, 2000. It is unrefuted that AC had prior knowledge of Debtor's Chapter 13 case before it repossessed Debtor's vehicle. As such, AC violated the automatic stay provision of § 362(a). Only in Debtor's present Motion to have AC turn over his vehicle did AC challenge the propriety of the filing of Debtor's Chapter 13 case. Debtor's Chapter 13 case was filed on February 10, 2000. His vehicle was repossessed by AC on or about February 4, 2000. As of January 28, 2000, Debtor was current on his car payments to AC. As of January 28, 2000, Debtor's insurance on the vehicle had lapsed.

After AC received notice of Debtor's Chapter 7 discharge on January 20, 2000, it did not contact Debtor regarding that bankruptcy nor did it contact him regarding the status of vehicle insurance coverage. The basis for repossessing Debtor's vehicle was AC's belief that Debtor had no insurance coverage on the vehicle; the notice of Debtor having obtained a discharge in bankruptcy under Chapter 7. The insurance document AC relied upon for repossessing Debtor's vehicle does not state that the vehicle insurance prior to AC's repossession was cancelled. (Ex. F.). Witness Dittrich testified that Exhibit F was the only document they received a copy of from Debtor's insurer relative to the policy status.

Exhibit G, dated February 10, 2000 shows a handwritten entry regarding an automated cancellation of Debtor's car insurance as of December 20, 1999. Interestingly, AC only learned of the insurance cancellation on February 10, 2000—some nine days after AC had repossessed Debtor's vehicle. Thusly, the repossession on the basis of a lack of insurance coverage was ill-founded at the time of AC's February 1, 2000 repossession. The testimony of Dittrich was generally credible.

In view of the above findings, it is evident that substantive errors were committed by both the Debtor and by AC.

The Debtor alleges that the AC received notice of his earlier Chapter 7 filing, but AC contends that it only became aware of that filing after it somehow received a notice of the Debtor's discharge. The burden of proof is upon the Debtor to prove that AC received due notice of the Chapter 7 by a preponderance of the evidence. Here, that burden was not met. The parties have stipulated that the Debtor did not redeem, reaffirm or surrender the Chevy Blazer during the Chapter 7 as required under § 521(b). Unrefutedly, Debtor was aware of AC's security interest in the vehicle. The Debtor was represented by legal counsel during his Chapter 7 case. The Debtor's duty to adhere to § 521(b) was mandatory and not permissive. See 11 U.S.C. § 521. Effectively, Debtor's failure to do so wrongfully and unlawfully dispossessed AC of the collateral for its underlying security interest. For that specific reason, the Debtor's general discharge in Chapter 7 is vacated to that extent until there is full compliance with this Order. A debtor cannot ignore the mandatory requirements of § 521 to the detriment of a secured party in interest.

Soon after receiving his discharge in Chapter 7, the Debtor filed a Chapter 13 case to address the liability on the Chevy Blazer and certain other obligations. The Chapter 13 filing was made on February 10, 2000 in the wake of AC's repossession of the Chevy Blazer on February 1, 2000. The Debtor, undisputedly, notified AC of the Chapter 13 filing and demanded the return of the vehicle. When the AC rejected Debtor's turnover demand, the present turnover motion was filed by Debtor.

█ The particulars in this proceeding are very similar in nature to those found in *In re Sharon,* 234 B.R. 676 (6th Cir. BAP 1999). Therein, it was determined that a creditor willfully violated the automatic stay of § 362(a) and was liable for damages. More specifically, the Panel held that the creditor's continued possession of a vehicle repossessed from the debtor, after being notified of the debtor's

Chapter 13 filing, abridged the bundle of rights that the debtor possessed in the vehicle which became part of his bankruptcy estate at the instance of the Chapter 13 filing. *Id.* at 681. Every interest of the Debtor in property of the estate is protected by § 362(a)(3). As explained in the *U.S. v. Whiting Pools, Inc.,* 462 U.S. 198, 103 S.Ct. 2309, 76 L.Ed.2d 515 (1983) opinion, § 541(a)(1) of the Code is intended to include in the estate any property made available to the estate by other provisions of the Code. "Several of these provisions bring into the estate property in which the debtor did not have a possessory interest at the time the bankruptcy proceedings commenced." *Sharon* at 681; see also, *In re Elliott,* 214 B.R. 148, 151–152 (6th Cir. BAP 1997).

█ A creditor who fails to return the estate's property after it knows of the debtor's bankruptcy is subject to sanction for willful violation of the automatic stay. *Id.* at 682; *Javens v. City of Hazel Park (In re Javens),* 107 F.3d 359, 368 (6th Cir.1997); *In re Colortran, Inc.,* 210 B.R. 823 (9th Cir. BAP 1997). The procedural prerequisite AC should have sought relief from the § 362(a) stay by motion pursuant to Rule 4001(a) Bankr.R. To do otherwise constitutes a violation of the automatic stay. Moreover, § 542(a) of the Code mandates that an entity in possession of estate property shall deliver that property to the trustee. 11 U.S.C. § 542(a).

█ Pursuant to the definition of estate property under § 541 of the Code, it is clear that the vehicle constituted estate property in the Debtor's Chapter 13 case. As such, AC's refusal to return the vehicle to the Debtor was a violation of § 362(a)'s automatic stay. The vehicle should have been returned to the Debtor. AC's proper recourse was to seek relief from this Court to recover the vehicle which it failed to do.

Accordingly, AC violated the stay provision of § 362(a)(3) and is hereby ordered to return the subject vehicle to the Debtor forthwith in the same condition which ex-

isted on February 1, 2000 when it was repossessed.

*Conclusion*

Accordingly, the Motion for Turnover is granted. Each party is to bear its respective costs.

IT IS SO ORDERED.