**In re Gregg Takafumi OMINE, Michaelle Lynn Omine, Debtors.**

**No. 6:01–BK–03306–KSJ.**

United States Bankruptcy Court, M.D. Florida, Orlando Division.

Aug. 26, 2005.

Margaret W. Hudson, New Smyrna Beach, FL, for Debtors' Attorney.

Laurie K. Weatherford, Winter Park, FL, for Chapter 13 Trustee.

## MEMORANDUM OPINION

KAREN S. JENNEMANN, Bankruptcy Judge.

The issue is the appropriate damages the Florida Department of Revenue ("DOR") should pay for willfully and intentionally violating the automatic stay. On July 21, 2003, this Court entered an Order granting a motion for contempt and sanctions against the Florida DOR (the "Contempt Order") (Doc. No. 45) finding that the Florida DOR violated the automatic stay by improperly attempting to collect a child support obligation from the wages of one of the debtors, Gregg Omine. The Florida DOR appealed this ruling to the District Court and, subsequently, to the Eleventh Circuit Court of Appeals. After protracted appellate proceedings, the Eleventh Circuit affirmed the majority of the ruling and remanded two specific issues for additional consideration (Doc. No. 64). The debtors have also filed two additional motions (Doc. Nos. 55 and 88) asserting new violations of the automatic stay. On March 10, 2005, the Court held an evidentiary hearing on the two issues remanded, and now addresses those issues as well as the ones raised by the debtors in their two additional motions (Doc. Nos. 55 and 88).

I. *Issues on Remand from the Contempt and Sanctions Order (Doc. No. 45).*

This Court entered the Contempt Order on July 21, 2003. The appellate courts affirmed the decision on two issues: first, that the Florida DOR knowingly and intentionally violated the automatic stay, and, second, that the debtors were entitled to an actual damages award in the amount of $1,000.00. The Court's ruling on those issues became final on November 29, 2004, with the Judgment entered on appeal by the Eleventh Circuit Court of Appeals affirming the Order of District Court (Doc. No. 91). Nevertheless, as of this date, the Florida DOR has failed to satisfy that damage award to the debtors.

The appellate courts also remanded two issues for further consideration by this Court. First, this Court must determine if the debt owed to the Florida DOR evidenced in its proof of claim is in the nature of support or, instead, whether the debt is dischargeable. Second, because no evidence of attorneys' fees or costs was presented at the earlier hearing, this Court must hear and consider evidence on the award of reasonable attorneys' fees and costs (Doc. No. 40). Originally, an amount of $1,600 was awarded.

■ As to the first remand issue, whether the debt owed to the Florida DOR was in the nature of support and, therefore, non-dischargeable, Mr. Omine testified that the debt upon which the Florida DOR filed its proof of claim in this case was for collection of public assistance benefits paid by the State of Hawaii to his ex-wife and children. No evidence was presented by the Florida DOR that the debt was in the nature of alimony, maintenance, or child support due to Mr. Omine's ex-wife or his children. Therefore, without any contrary evidence, this Court finds that the debt owed to Florida DOR is *not* in the nature of support and, therefore, is dischargeable.

As to the second issue on remand, regarding the reasonableness of the attorneys' fees and costs awarded to debtors' counsel, an evidentiary hearing was held on March 10, 2005. Evidence and testimony were presented that substantiated the time expended by debtors' counsel in this matter. The standing Chapter 13 trustee, Laurie K. Weatherford, and Sam Pennington, currently an attorney with the Chapter 13 trustee's office and a debtor's attorney prior to taking that position, were qualified as expert witnesses. Both Ms. Weatherford and Mr. Pennington testified that they had reviewed the time records, and, in their opinions, the time expended was conservative and reasonable. They also testified that the hourly rates charged of $75.00 for paralegal time and $200.00 (from June 2, 2001, through April 30, 2004) and $250.00 (from May 1, 2004, through the present) for attorney time were within market rates and were reasonable. Therefore, this Court finds that the time expended and the hourly rates charged were reasonable.

Initially, the Court awarded debtors' counsel fees of $1,600. Now, after the extensive appellate proceedings, debtors' counsel seeks total fees connected with the initial Motion for Sanctions and all related appellate action of $12,740, accumulated during 72.6 hours of legal services rendered to the debtors. The Court specifically finds that the number of hours spent on this appeal is very reasonable, if not understated. The Court also finds the total costs requested of $175.45 to be reasonable.

■ The only real issue is whether debtors' counsel can bill at her normal (and reasonable) hourly rate which fluctuated between $200 and $250 per hour, or, instead, whether the federal Equal Access

to Justice Act, 28 U.S.C. § 2412(d)(2)(A) (the "EAJA"), limits the hourly rate to $125 per hour.

The EAJA specifically addresses the limitations on a judgment for costs and attorneys' fees awarded to the prevailing party in any civil action brought by or against the United States or an agency or official of the United States. Obviously, the Florida DOR is not such an agency. However, pursuant to the provisions of Section 106(a)(3) of the Bankruptcy Code,[1] the EAJA is extended to limit the amount a court can award for costs and fees against "any governmental unit." The Florida DOR certainly is a "governmental unit."

The issue is whether Section 106(a)(3), the provision which arguably extends the scope of the EAJA to include state agencies, such as the Florida DOR, is applicable in this case. The Court holds it is not. Section 106(a), as drafted, abrogated sovereign immunity protecting state governmental units as provided in the Eleventh Amendment to the United States Constitution. Section 106(a), however, no longer has any validity in this Circuit. The Eleventh Circuit recently ruled that Congress' intended abrogation of states' sovereign immunity in enacting Section 106(a) was invalid. *In re Crow*, 394 F.3d 918, 924 (11th Cir.2004) ("Section 106(a)'s purported abrogation of Eleventh Amendment immunity in bankruptcy proceedings, which is clear and specific, is nonetheless invalid.") Stated differently, Section 106(a)'s forced abrogation of the state's sovereign immunity is unconstitutional.

██ Here, however, the Florida DOR was not forced to accept the jurisdiction of this Court; there was no forced abrogation

of sovereign immunity. Rather, the Florida DOR *consented* to this Court's jurisdiction by filing its proof of claim and seeking affirmative relief from this Court. Section 106(b) of the Bankruptcy Code provides that "[a] governmental unit that has filed a proof of claim in the case is deemed to have waived sovereign immunity with respect to a claim against such governmental unit that is property of the estate and that arose out of the same transaction or occurrence out of which the claim of such governmental unit arose." Equity mandates that a state waives its sovereign immunity protection by availing itself of the jurisdiction of the federal courts. *Arecibo Community Health Care, Inc. v. Commonwealth of Puerto Rico*, 270 F.3d 17, 27 (1st Cir.2001); *The Eli Witt Company v. The State of Florida (In re The Eli Witt Company)*, 243 B.R. 528, 531 (Bankr.M.D.Fla. 1999); *See also, Gardner v. State of New Jersey*, 329 U.S. 565, 67 S.Ct. 467, 91 L.Ed. 504 (1947).

Here, by asking this Court's help in collecting the debt asserted in Florida DOR's proof of claim, the state necessarily has agreed to the burdens imposed on a creditor seeking relief in a bankruptcy court, such as the restrictions imposed by the automatic stay. The Eleventh Circuit Court of Appeals already has held that the Florida DOR's actions violating the automatic stay arose out of the same transaction or occurrence upon which their claim was based. Indeed, the Florida DOR violated the automatic stay by attempting to collect the very same debt for which they sought recovery in their claim. The Florida DOR is a state governmental unit and filed a proof of claim in this case. As such, the Florida DOR consented to jurisdiction, relinquished any sovereign immunity pro-

**1.** Unless otherwise stated, all references to the Bankruptcy Code refer to Title 11 of the United States Code.

tection, and now must play by the same rules as any other party appearing in bankruptcy court.

■ Because state agencies voluntarily filing proofs of claim are subject to the same rules as any other party, the award of any fees, costs, or damages against them similarly are determined by the same rules that apply to other litigants. The limitations imposed by the EAJA simply do not apply. The provisions of the EAJA are contained in the now unconstitutional Section 106(a) and apply only in circumstances of forced abrogation of sovereign immunity protection. They do not apply when the state agency consents to this Court's jurisdiction. If Congress had intended the limitation of the EAJA to apply to other sections of the Bankruptcy Code, it would not have placed the reference to the EAJA solely under Section 106(a). By filing its' proof of claim, the Florida DOR is deemed to have waived its sovereign immunity. No limitations imposed by the EAJA are extended to a state agency, such as Florida DOR, by Section 106(b). Therefore, the Court must follow the normal rules in awarding fees and costs.

■ Typically, in awarding fees and costs, courts must determine whether the fees requested in the Application are reasonable. Bankruptcy Code Sections 330(a)(1)(A) and (B) provide that a bankruptcy court may award an attorney reasonable compensation for actual, necessary services rendered and reimbursement for actual, necessary expenses incurred. Accordingly, this Court must examine all fees and costs and determine that the services performed and costs incurred were both actual and necessary. An absence of objection by any party in interest does not relieve the Court of its duty to examine a fee request.

■ Several factors are considered in determining fees:

(1) the time and labor required;

(2) the novelty and difficulty of the questions;

(3) the skill required to perform the service properly;

(4) the preclusion of other employment due to acceptance of the case;

(5) the customary fee for similar work in the community;

(6) whether the fee is fixed or contingent;

(7) time limitations imposed by the client or the circumstances;

(8) the amount involved and the results obtained;

(9) the experience, reputation and ability of the professional;

(10) the undesirability of the case;

(11) the nature and length of the professional relationship of the client; and

(12) the awards in similar cases.

*Johnson v. Georgia Highway Express, Inc.,* 488 F.2d 714, 717–19 (5th Cir.1974),[2] *abrogated on other grounds, Blanchard v. Bergeron,* 489 U.S. 87, 109 S.Ct. 939, 103 L.Ed.2d 67 (1989).

■ In applying these factors, a Court should:

(1) determine the nature and extent of services provided by the professional;

(2) assess the value of those services; and

(3) explain the basis of the award.

*Neville v. Eufaula Bank and Trust Co. (In re U.S. Golf Corp.),* 639 F.2d 1197, 1201 (5th Cir.1981); *Grant v. George Schumann*

**2.** Fifth Circuit decisions issued before October 1, 1981, constitute binding precedent for this court. *Bonner v. City of Prichard,* 661 F.2d 1206, 1210 (11th Cir.1981).

*Tire & Battery Co.*, 908 F.2d 874, 877–78 (11th Cir.1990). Bankruptcy courts have broad discretion in determining the amount of fees awarded to professionals as compensation. *First Colonial v. Baddock*, 544 F.2d 1291, 1298 (5th Cir.1977).

▮ All time expended by debtors' counsel, including time for defending the appeals taken by the Florida DOR, is compensable as actual damages. Upon a finding that a violation of the automatic stay was willful, as this Court did in its Contempt Order, which was affirmed by the District Court, attorneys' fees are to be awarded as actual damages. *In re Roman*, 283 B.R. 1, 9–10 (9th Cir. BAP 2002); *In re Walsh*, 219 B.R. 873 (9th Cir. BAP 1998) (actual damages include fees for appeal of order finding stay violation, even if appeal is non-frivolous). Accordingly, based on the analysis discussed above, the Court awards to debtors' counsel fees of $12,740 and costs of $175.45.

II. *Motion for Continued Sanctions Award (Doc. No. 55).*

▮ On August 28, 2003, debtors filed a new Motion for Continued Sanctions Award (Doc. No. 55). This Court deferred ruling on that Motion pending the outcome of the Florida DOR's appeals. Hearings were scheduled on this Motion for September 30, 2003, December 9, 2003, and January 20, 2004, but no evidentiary hearing could be conducted due to the pending appeals. The debtors attended each of these scheduled hearings, and on March 10, 2005, an evidentiary hearing finally was held.

The Court finds that the Motion (Doc. No. 55) should be granted. On August 24, 2003, Mr. Omine received another notice of past due support from the Florida DOR, dated August 20, 2003. This notice attempted to collect the same debt for which the Florida DOR filed a proof of claim and,

further, for which their attempted collection led to this Court's earlier finding that a willful violation of the automatic stay pursuant to 11 U.S.C. § 362(h) occurred. Indeed, this now fourth notice was sent within one month of this Court's Contempt Order (Doc. No. 45). The notice clearly was sent in violation of the automatic stay and again threatens various actions the Florida DOR intended to take against the debtor, including incarceration, garnishment, and revoking his drivers' license for failure to pay the debt.

▮ The Florida DOR argued that this collection notice was not a violation of the automatic stay because it was an attempt to collect the debt from the debtor's post-confirmation wages and, therefore, was not an action taken against property of the estate. However, as District Court Judge Presnell noted in his Order, the law in this Circuit is well established that only the property *not* necessary to the fulfillment of the plan is returned to the control of the debtor upon confirmation of a Chapter 13 plan. *Telfair v. First Union Mortgage Corp.*, 216 F.3d 1333, 1340 (11th Cir.2000). Debtors' income is considered essential to their ability to make plan payments and, therefore, remains estate property. *Id.* As such, the Florida DOR is entitled to only the income paid into the Chapter 13 plan and not the post-confirmation income of the debtors.

Therefore, this Court finds that the notice sent by the Florida DOR on August 20, 2003, was another willful violation of the automatic stay pursuant to 11 U.S.C. § 362(h). An award of actual damages and sanctions is appropriate.

III. *Second Motion for Contempt and for Sanctions against Florida Department of Revenue (Doc. No. 88).*

Incredibly, on or about October 29, 2004, debtors received another collection letter

from the Florida DOR. In this fifth notice sent in violation of the automatic stay, the Florida DOR again attempted to collect the same debt, and this Court again finds that this notice was an additional, willful violation of the automatic stay pursuant to 11 U.S.C. § 362(h). Therefore, this second Motion (Doc. No. 88) is also granted and an award of actual damages and sanctions is appropriate for this notice as well.

## IV. *Damages.*

The debtors are entitled to actual damages incurred as a result of the Florida DOR's cumulative actions constituting willful violations of the automatic stay pursuant to 11 U.S.C. § 362(h). The debtors were previously awarded actual damages of $1,000 in this Court's order of July 21, 2003. In addition to that award, and based upon the testimony of each of the debtors, they will be awarded mileage at the rate of $.39 per mile to attend each evidentiary hearing scheduled in these matters, for a total mileage award of $184.80; lost wages for Mr. Omine in the amount of $384.40; and, lost wages for Mrs. Omine in the amount of $475.52.

The debtors shall be awarded an additional sum of $2,000.00 as sanctions. The Florida DOR sent the two most recent collection notices to the debtors after extensive litigation over the impropriety of the three prior collection notices and after the Court already had found the Florida DOR had willfully and intentionally violated the automatic stay. These later collection notices simply are inexcusable. Sanctions are appropriate when such flagrant actions are taken in direct contravention of court orders. This Court will consider additional, substantial sanctions for any further collection attempts by the Florida DOR to collect this same debt.

Additional actual damages of attorneys' fees and costs shall also be awarded for the debtors' counsel's work on these latter two motions. The debtors' counsel seeks a total fee of $885 for 6.9 hours of work, resulting in a blended hourly rate of $128.26. The Court finds both the hours and hourly rate to be reasonable and compliments the debtors' counsel on appropriately delegating a large portion of the work to her paralegal, thereby substantially reducing the expense. The Court awards debtors' counsel additional fees of $885.

A separate order consistent with this Memorandum Opinion shall be entered.