**ORDERED PUBLISHED**

**UNITED STATES BANKRUPTCY APPELLATE PANEL**

**OF THE NINTH CIRCUIT**

| | |
|---|---|
| In re: ) | BAP No.   NV-11-1429-PaDKi |
| ) | |
| IRENE MICHELLE SCHWARTZ-TALLARD, ) | Bk. No.   07-11730-LBR |
| ) | |
| Debtor. ) | |
| _____ ) | |
| IRENE MICHELLE SCHWARTZ-TALLARD, ) | |
| ) | |
| Appellant, ) | |
| ) | |
| v. ) | **O P I N I O N** |
| ) | |
| AMERICA'S SERVICING COMPANY, ) | |
| ) | |
| Appellee. ) | |
| _____ ) | |

Argued and Submitted on June 15, 2012,
at Las Vegas, Nevada

Filed - June 28, 2012

Appeal from the United States Bankruptcy Court
for the District of Nevada

Honorable Linda B. Riegle, Bankruptcy Judge, Presiding

———————————————

Appearances:   Christopher Burke, Esquire argued for appellant
Irene Michelle Schwartz-Tallard; Andrew Martin
Jacobs, Esquire of Snell & Wilmer LLP argued for
Appellee America's Servicing Company.

———————————————

Before:  PAPPAS, DUNN and KIRSCHER, Bankruptcy Judges.

PAPPAS, Bankruptcy Judge:

Chapter 13[1] debtor Irene Michelle Schwartz-Tallard ("Debtor") appeals the order of the bankruptcy court denying her Motion for Attorney Fees and Costs from America's Servicing Company ("ASC") for Defending Appeal. We REVERSE and REMAND.

## I. FACTS

Debtor filed a chapter 13 petition on March 30, 2007. Among Debtor's listed secured creditors was ASC, a company that serviced a loan secured by a mortgage on Debtor's home in Henderson, Nevada (the "Property"). Though Debtor had made all post-petition monthly mortgage payments, on February 27, 2009, ASC filed a motion for relief from the automatic stay in the bankruptcy case, erroneously claiming Debtor owed mortgage payments for January and February 2009. Debtor, who was not informed about ASC's stay relief motion by her former counsel, did not oppose the motion, and the bankruptcy court entered an order terminating the automatic stay on April 6, 2009.

When Debtor attempted to make her April 2009 mortgage payment, ASC returned it with a letter indicating her loan was in "foreclosure status." Debtor called ASC, and its representative told her the loan status changed when she missed the January and February payments. Debtor challenged ASC's assertion that she had defaulted, and provided ASC's representative with the check numbers she used to make the January and February payments. With

---

[1] Unless otherwise indicated, all chapter, section and rule references are to the Bankruptcy Code, 11 U.S.C. §§ 101-1532, and to the Federal Rules of Bankruptcy Procedure, Rules 1001-9037.

those numbers, ASC's representative located a record of the payments and admitted a mistake had been made.

After retaining new counsel, Debtor filed a motion to set aside the stay relief order and to reinstate the stay in the bankruptcy court on May 6, 2009. ASC did not oppose, and the bankruptcy judge orally granted Debtor's motion at a hearing held on May 13, 2009, at which ASC did not appear. On May 14, Debtor sent ASC checks for the April and May 2009 mortgage payments, along with an explanation that the bankruptcy court had reinstated the stay on May 13. ASC returned those checks on May 18, stating it could not accept them because the funds were not certified. On May 20, ASC caused the Property to be sold at a trustee's foreclosure sale. The bankruptcy court entered an order reinstating the stay on June 3, 2009.

On June 9, Debtor filed a motion seeking monetary sanctions against ASC for its willful violation of the automatic stay (the "Sanctions Motion"). Debtor's sole argument[2] was that sanctions were appropriate under § 362(k) because ASC had willfully violated the stay by selling Debtor's home at the trustee's sale on May 20, even though the bankruptcy court, on May 13, had orally granted

---

[2] Debtor's argument in the Sanctions Motion was somewhat vague. In identifying how she believed ASC had violated the stay, Debtor alleged:

In this matter, though as of May 13, 2009 [, ASC] clearly had actual notice that it was the Court's intent that the automatic stay be reinstated, [it] blatantly disregarded the court's instruction and continued foreclosure efforts. This type of callous disregard to the authority of the court and clear mandates of the statutes as set forth in the Bankruptcy Code cannot and should not be tolerated.

Debtor's Motion for Sanctions at 7.

-3-

her motion to reinstate the stay. Debtor attached to her motion a copy of a May 28, 2009, Three Day Notice to Quit served on her by ASC; a May 28, 2009, Notice of New Ownership that ASC had posted on the Property; and her affidavit describing how the Notice of New Ownership had affected her family. Debtor's motion and supporting documents did not indicate that she was seeking sanctions under any authority other than § 362(k).

In response to Debtor's Sanctions Motion, ASC argued that the stay had not been reinstated until June 3, 2009, when the bankruptcy court entered the order reinstating the stay. Therefore, ASC contended, its actions targeted by Debtor, which occurred between May 13 and June 3, were not taken in violation of the stay.

The bankruptcy court conducted the hearing on Debtor's Sanctions Motion on January 7, 2010. At the hearing, it came to light that during the eight months since the bankruptcy court's stay-reinstatement hearing, ASC had taken no action to set aside the foreclosure sale or to reconvey the Property to Debtor.[3] At the conclusion of the January 7 hearing, the bankruptcy court found ASC had violated the automatic stay. The court decided that, even if ASC did not learn of the stay reinstatement until June 3, when the reinstatement order was entered, ASC violated the stay by not acting to reconvey the Property to Debtor once ASC discovered that the foreclosure sale had occurred in violation of the stay. The bankruptcy court concluded that imposition of

---

[3] The lender credit bid at the May 20, trustee's sale, and held title to the Property on January 7. The Property was finally reconveyed to Debtor on March 3, 2010.

-4-

sanctions against ASC was appropriate under § 362(k).

In addition, the bankruptcy court awarded sanctions against ASC under Rule 9011. Because Debtor had made her January and February 2009 mortgage payments, and because ASC's stay relief motion represented that those payments had not been made, the bankruptcy court found that ASC had engaged in sanctionable conduct under Rule 9011 by filing and pursuing a "false motion."[4]

On February 17, 2010, the bankruptcy court entered an order (the "Stay Violation Order") incorporating its January 7 oral findings of fact and conclusions of law.[5] According to the court's Stay Violation Order, because ASC violated the automatic stay and Rule 9011, Debtor was entitled to recover $40,000 for emotional distress and economic damages; $20,000 for punitive

---

[4] At the hearing on Debtor's Sanctions Motion, the bankruptcy court mistakenly indicated that Rule 9011 had been alleged in Debtor's motion as one source for the court's authority to impose sanctions. Debtor's attorney indicated he had asked for Rule 9011 sanctions in his "pretrial brief." To be precise, however, the brief, filed a mere three days before the hearing on Debtor's Sanctions Motion, contended that the bankruptcy court could "hold a separate hearing and impose sanctions under Rule 9011(c)(1)(B), if Rule 9011(b) is violated." Pretrial Brief in Support of Motion for Contempt for Violation of the Automatic Stay at 7, Bankr. No. BK-S-07-11739-LBR, Dkt. No. 100 (emphasis added). It therefore appears clear that ASC did not have effective notice that Rule 9011 may be invoked by Debtor as a potential legal basis for imposing sanctions against ASC at the January 7 hearing.

[5] The Stay Violation Order, submitted by Debtor's counsel, was docketed as an order concerning "Debtor's Motion for Contempt for Violation of the Automatic Stay and Violation of F.R.B.P. 9011." Of course, no such motion had ever been filed with the bankruptcy court. While the bankruptcy court imposed sanctions against ASC under both § 362(k) and Rule 9011, Debtor's motion never referenced Rule 9011. The District Court, in reviewing an appeal of the Stay Violation Order, also found that "[t]he motion itself nowhere mentions Rule 9011, but only § 362." America's Servicing Co. v. Schwartz-Tallard, 438 B.R. 313, 320 (D. Nev. 2010).

damages; and $20,000 in attorneys' fees.  ASC was also ordered to reconvey the Property to Debtor within two days.

ASC appealed the Stay Violation Order on March 2, 2010, to the District Court.  The District Court entered its decision on September 14, 2010.  See Schwartz-Tallard, 438 B.R. 313.  In regard to the stay violation, the District Court decided that ASC knew, or had received notice, that the stay had been ordered reinstated by the bankruptcy court by May 17, 2009, and that ASC's act of causing the foreclosure sale to occur on May 20, and all its subsequent actions, were a violation of the stay.  See id. at 317-19.  According to the District Court, from and after the time the sale occurred, ASC had an ongoing duty to see that the Property was reconveyed to Debtor, and to mitigate Debtor's damages.  Id. at 320.

However, the District Court concluded that the bankruptcy court's award of damages to Debtor for violating Rule 9011 was inappropriate because the court had not followed the procedure required by the Rule.[6]  Id. at 320.  The District Court remanded this aspect of the matter to the bankruptcy court, so that if it elected to do so, proper notice could be given to ASC, and further proceedings concerning Rule 9011 could be conducted.  See id. at 323.

In addition, while § 362(k) authorized an award to Debtor for attorneys' fees as damages, because the bankruptcy court had not

---

[6]  The District Court stated that the bankruptcy court could still "impose attorney's fees under Rule 9011 if it follow[ed] the requirements of that rule."  Schwartz-Tallard, 438 B.R. at 323.  The bankruptcy court chose not to follow the Rule 9011 procedural requirements, and, on remand, ASC was sanctioned pursuant to § 362(k) only.

-6-

specifically found that the amount it awarded had been actually incurred by Debtor, the District Court also remanded that issue to the bankruptcy court. Id. at 320-23.

The bankruptcy court held an evidentiary hearing to determine the actual amount of Debtor's attorneys' fees on January 13, 2011. After that hearing, the bankruptcy court entered a judgment awarding Debtor attorneys' fees of $20,115.40 "under 11 U.S.C. § 362(k)." ASC did not appeal that order.

On February 26, 2011, Debtor filed a motion in the bankruptcy court under § 362(k), seeking an award of attorneys' fees and costs incurred by Debtor for defending ASC's appeal of the Stay Violation Order to the District Court (Debtor's "Appellate Attorneys' Fees"). ASC opposed Debtor's motion, arguing that Debtor's request for Appellate Attorneys' Fees pursuant to § 362(k) was prohibited under the Ninth Circuit's decision in Sternberg v. Johnston, 595 F.3d 937 (9th Cir. 2010), cert. denied 131 S. Ct. 102 (2010). In reply, Debtor argued that Sternberg did not limit her ability to recover Appellate Attorneys' Fees pursuant to § 362(k) because she participated in the appeal as an appellee. In addition, she asserted that her Appellate Attorneys' Fees were also recoverable pursuant to Rule 9011 and the bankruptcy court's § 105(a) inherent sanctioning authority.

The hearings on Debtor's motion for Appellate Attorneys' Fees took place on March 30 and July 12, 2011. After hearing the parties' arguments at the March 30 hearing, the bankruptcy court denied Debtor's motion at the July 12 hearing for the sole reason that, as contended by ASC, Sternberg prevented the court from

awarding Appellate Attorneys' Fees under § 362(k).[7]

The bankruptcy court entered an order denying Debtor's motion for Appellate Attorneys' Fees on July 26, 2011, "for the reasons set forth on the record." Debtor filed a timely appeal on August 8, 2011.

## II. JURISDICTION

The bankruptcy court had jurisdiction under 28 U.S.C. §§ 1334(b) and 157(b)(2)(A). We have jurisdiction under 28 U.S.C. § 158.

## III. ISSUES

1. Whether the bankruptcy court erred in deciding that Sternberg bars Debtor's request to recover her Appellate Attorneys' Fees pursuant to § 362(k).

2. Whether the bankruptcy court abused its discretion in not awarding Debtor's Appellate Attorneys' Fees pursuant to Rule 9011.

3. Whether the bankruptcy court abused its discretion in not awarding Debtor's Appellate Attorneys' Fees pursuant to the court's § 105(a) authority.

## IV. STANDARD OF REVIEW

We review a bankruptcy court's attorneys' fees decision for an abuse of discretion. State of Cal. Emp't Dev. Dep't v. Taxel (In re Del Mission Ltd.), 98 F.3d 1147, 1152 (9th Cir. 1996). In determining whether a bankruptcy court abused its discretion, we review whether the bankruptcy court applied the correct rule of law. United States v. Hinkson, 585 F.3d 1247, 1262 (9th Cir. 2009) (en banc). We then determine whether the court's

---

[7] In its July 12, 2011, oral decision, the bankruptcy court did not mention § 105(a) or Rule 9011.

-8-

application of that rule was illogical, implausible, or without support in inferences that may be drawn from the facts in the record. Id. (quoting Anderson v. City of Bessemer City, N.C., 470 U.S. 564, 577 (1985)).

**V. DISCUSSION**

On appeal, Debtor argues that she may recover her Appellate Attorneys' Fees pursuant to § 362(k) despite the ruling in Sternberg. In the alternative, Debtor asserts that she may be awarded Appellate Attorneys' Fees pursuant to Rule 9011 and § 105.

ASC, on the other hand, argues that, per Sternberg, Debtor's Appellate Attorneys' Fees are not "actual damages" under § 362(k) and therefore may not be recovered. ASC also asserts that, because the District Court and the bankruptcy court determined that the Stay Violation Order sanctions were based on § 362(k), and not Rule 9011, that Rule cannot now serve as a basis for an award of Debtor's Appellate Attorneys' Fees. Finally, ASC contends that a finding of contempt is a prerequisite to an award of attorneys fees pursuant to § 105(a), and, since there was no finding of contempt in this case, § 105(a) does not support a grant of Debtor's Appellate Attorneys' Fees.

Proceedings in the federal courts are typically governed by the so-called American Rule, which provides that parties must bear their own attorneys' fees. See Fogerty v. Fantasy, Inc., 510 U.S 517, 533 (1994). There are, however, limited exceptions to this general rule against shifting responsibility for attorneys' fees. See id.; see also Chambers v. NASCO, Inc., 501 U.S. 32, 45-46 (1991). For example, attorneys' fees may be awarded to a prevailing party when authorized by a statute. Fogerty, 510 U.S.

-9-

at 533 (citing <u>Alyeska Pipeline Serv. Co. v. Wilderness Soc'y</u>, 421 U.S. 240, 247–62 (1975)).  In addition, a court may award a prevailing party attorneys' fees when another party has "acted in bad faith, vexatiously, wantonly, or for oppressive reasons." <u>Chambers</u>, 501 U.S. at 45–46 (internal quotations omitted).

Here, Debtor contends her Appellate Attorneys' Fees should be shifted to ASC as statutorily authorized by § 362(k).  She also argues recovery under Rule 9011 and § 105(a) are justified because ASC acted in bad faith.  <u>See</u> <u>Alyeska Pipeline Serv. Co.</u>, 421 U.S. at 247–62; <u>Chambers</u>, 501 U.S. at 45–46.  ASC responds that none of these grounds justifies an award of Debtor's Appellate Attorneys' Fees.  We examine each in turn.

**A.    <u>Sternberg</u> did not bar the bankruptcy court from awarding Debtor her Appellate Attorneys' Fees pursuant to § 362(k).**

The bankruptcy court awarded Debtor damages resulting from ASC's stay violation pursuant to § 362(k).[8]  Debtor asserts her Appellate Attorneys' Fees are part of those damages and are likewise legislatively authorized pursuant to that statute. Section 362(k)(1) provides, in part:

an individual injured by any willful violation of a stay

---

[8] Debtor repeatedly asserts that the District Court also upheld the bankruptcy court's award of sanctions pursuant to Rule 9011.  We disagree.  The District Court concluded that the bankruptcy court had not followed Rule 9011's procedural requirements and, therefore, the bankruptcy court's sanctions were not supported by Rule 9011.  <u>Schwartz-Tallard</u>, 438 B.R. at 320. The District Court indicated that, on remand, if the bankruptcy court chose to follow the Rule 9011 requirements, it may impose sanctions pursuant to that Rule.  <u>See</u> <u>id.</u> at 323.  Providing an option to the bankruptcy court to conduct further, procedurally proper, proceedings is not the same as endorsing the bankruptcy court's Rule 9011 sanctions award.  In the end, the bankruptcy court did not elect to follow Rule 9011 procedures and did not award sanctions pursuant to that Rule.

-10-

provided by this section shall recover actual damages, including costs and attorneys' fees, and, in appropriate circumstances, may recover punitive damages.

ASC, however, argues that, according to the Ninth Circuit's interpretation of § 362(k) "actual damages" in Sternberg, an award of Debtor's Appellate Attorneys' Fees is prohibited. To understand how the Sternberg decision applies to this case, it is helpful to review the complicated history of the controversy involved in that case.

In Sternberg, the debtor filed two concurrent stay-related actions: a motion asking the bankruptcy court to vacate a state court order that he argued was issued in violation of the stay, and a stay violation adversary proceeding against his ex-wife and her counsel for not acting to remedy the state court's stay-violating order. 595 F.3d at 941. In response to the debtor's motion, and after a hearing, the bankruptcy court granted the debtor's request to deem the state court order ineffective, thereby remedying the stay violation caused by the state court order. Id. at 941–42.

Later, even though the stay violation by the debtor's ex-wife and her counsel had been addressed,[9] the bankruptcy court held a trial in the adversary proceeding to determine whether the debtor's ex-wife and her counsel had, at some point, violated the stay, and, if they had, what damages and sanctions were appropriate. Id. at 942. Although the bankruptcy court ruled in

---

[9] As a practical matter, since the bankruptcy court invalidated the state court's order, the debtor's ex-wife and her counsel could no longer act to "remedy" the state court's stay violation. The debtor's argument that they were violating the automatic stay by not acting to address the state court's stay violation was, therefore, mooted.

-11-

favor of the debtor's ex-wife and her counsel, the debtor appealed, and the district court determined the ex-wife and her counsel had indeed violated the stay. Id. On remand, the bankruptcy court awarded the debtor $92,869.20 in damages on account of his ex-wife's attorney's conduct in violating the stay.[10] Id. Debtor's ex-wife's counsel appealed that damages award. Id. The Ninth Circuit, in Sternberg, addressed whether the bankruptcy court erred in calculating the damages awarded to the debtor. Id. at 943.

As acknowledged in the Sternberg decision, Congress clearly intended to allow a party to recover, as damages, the attorneys' fees incurred by a debtor to enforce the automatic stay. Id. at 946–48. Such an award is different, however, from allowing the recovery, as damages, of attorneys' fees incurred in a debtor-initiated court action for damages resulting from a stay violation.[11] See id. at 946–47. Per Sternberg, in such instances, any fees incurred "in pursuit of a damage award would not be to compensate for 'actual damages' under § 362(k)(1)," and would not be allowable. Id. at 947 (emphasis added).

Sternberg explained that whether a debtor may recover attorneys' fees under § 362(k) hinges on the distinction between

---

[10] After the stay violation issue was remanded by the district court, and before the bankruptcy court determined the debtor's damages, the debtor's ex-wife settled with the debtor. Sternberg, 595 F.3d at 942.

[11] Because in Sternberg the stay violation had been remedied prior to the bankruptcy court's consideration of the debtor's adversary proceeding, the Ninth Circuit viewed the adversary proceeding as "akin to an ordinary damages action." 595 F.3d at 948.

-12-

an action to enforce the automatic stay, and a debtor's pursuit of stay violation damages, and implicates the context and purposes of the automatic stay. Id. at 947–48. The court observed that the stay has two primary purposes: (1) to enable a debtor to try and reorganize during a break from collection efforts, and (2) to protect creditors by preventing each from pursuing its own remedies at the expense of all other creditors. Id. at 947 (citing Dawson v. Wash. Mut. Bank, F.A. (In re Dawson), 390 F.3d 1139, 1147 (9th Cir. 2004)). Those purposes promote both financial and non-financial goals. Id. at 947–48 (quoting In re Dawson, 390 F.3d at 1147). "'[O]ne aim of the automatic stay is financial[, as] the stay gives the debtor time to put finances back in order, . . . [b]ut another purpose is to create a breathing spell' for a debtor from his creditors." Id. at 948 (quoting In re Dawson, 390 F.3d at 1147).

The court in Sternberg decided that "[p]ermitting a debtor to collect attorney fees incurred in prosecuting a damages action would further neither the financial nor the non-financial goals of the automatic stay." Id. at 948. Prosecuting a damages action would not further the financial goal of the stay because the debtor's goal was to "pursu[e] his creditors," rather than to reorganize his finances. Id. ("We have never said the stay should aid the debtor in pursuing his creditors, even those creditors who violate the stay. The stay is a shield, not a sword." (emphasis added)). Such an action would also not further the stay's non-financial goal, because it would not result in a breathing spell for the debtor, since a damages action requires the debtor to pursue litigation during the intended respite afforded by the

-13-

automatic stay. Id. Thus, Sternberg determined that while recovery of attorneys' fees is allowed pursuant to § 362(k) when related to enforcement of the automatic stay, the attorneys' fees incurred in a debtor's pursuit of a "damages action for a stay violation" may not be recovered. Id.

In this case, Debtor's defense of ASC's appeal of the bankruptcy court's decision is fundamentally different from the damages action in Sternberg, where the Ninth Circuit noted that the debtor was pursuing a damages action even though the subject stay violation had been remedied. Here, when ASC appealed the Stay Violation Order to the District Court, Debtor was required to defend the bankruptcy court's decision, not only to protect the award of damages, but also to uphold the bankruptcy court's determination that ASC had, indeed, violated the stay. See Schwartz-Tallard, 438 B.R. at 317.

Moreover, Debtor's defense of ASC's appeal was consistent with the goals of the automatic stay identified by the court in Sternberg. First, defending the bankruptcy court's order assisted Debtor in her efforts to reorganize her finances. Had she been required to pay the attorneys' fees she incurred in remedying ASC's wrongful foreclosure, Debtor's completion of her chapter 13 plan may have been jeopardized.

In addition, Debtor was clearly not using the automatic stay as a sword to pursue damages from ASC. Debtor likely would have been content to let the bankruptcy court's award of damages stand. On appeal, Debtor merely defended those damages, and in doing so incurred the subject attorneys' fees, when ASC appealed the Stay Violation Order and attacked the bankruptcy court's enforcement of

-14-

the automatic stay and its award of stay-enforcement damages. As can be seen, in this instance, Debtor's defensive position in the appeal did not run afoul of Sternberg's concern for debtors using the stay to pursue damages instead of reorganizing their finances.

Second, rather than allow Debtor the benefit of the stay's breathing spell, ASC continued its attack on the bankruptcy court's determination that Debtor's automatic stay had been violated and that Debtor had incurred damages in enforcing the stay. As the Ninth Circuit noted, "[m]ore litigation is hardly consistent with the concept of a 'breathing spell' for the debtor." Sternberg, 595 F.3d at 948. In other words, an appeal by a stay violator, which requires a bankruptcy debtor to continue to participate in litigation to defend her stay and properly awarded stay-enforcement damages, deprives the debtor of the benefits of her automatic stay. Simply put, Debtor's defense of the bankruptcy court's decision was an extension of her efforts to enforce her automatic stay.

At bottom, Sternberg determined that the attorneys' fees sought by the debtor were not part of the debtor's damages resulting from the stay violation as required by § 362(k). Id. at 945–48. In doing so, the Sternberg panel found the term "actual damages" to be ambiguous. Id. at 947. For a meaning, the court adopted a definition from Black's Law Dictionary specifying that actual damages are "[a]n amount awarded . . . to compensate for a proven injury or loss; damages that repay actual losses." Id. (quoting BLACK'S LAW DICTIONARY 416 (8th ed. 2004)). As Sternberg continued, in stay violation settings, the "proven injury is the injury resulting from the stay violation itself." Id. Once a

-15-

stay violation has been remedied, "any fees the debtor incurs after that point in pursuit of a damage award would not be to compensate for 'actual damages' under § 362(k)(1)." Id.

Of course, in Sternberg, the point at which the stay violation had been "remedied" was clear. Id. at 941-42. The debtor's ex-wife did not appeal the bankruptcy court's vacation of the state court's order, and the primary issue remaining in the debtor's adversary proceeding was the amount of damages attributable to the conduct of debtor's ex-wife and her counsel. Id. In contrast, here, while the Property was finally reconveyed to Debtor the day after ASC filed its notice of appeal, Debtor was forced to defend that appeal to validate the bankruptcy court's ruling that ASC had violated the stay, and to preserve her right to collect the pre-remedy damages awarded by the bankruptcy court. "Clearly, fees and costs experienced by an injured party in resisting the [stay] violator's appeal are part of the damages resulting directly from the stay violation." Beard v. Walsh (In re Walsh), 219 B.R. 873, 878 (9th Cir. BAP 1998).[12] Put another way, Debtor's Appellate Attorneys' Fees, incurred to ensure the continuity of the stay, and to protect her stay-enforcement damage award, are no less damages "resulting from the stay violation itself" merely because she had to defend their enforcement at the appellate level rather than the bankruptcy court, and because the appeal took place after the Property was

[12] Sternberg admittedly rejected the BAP's determination in Walsh that § 362(k)'s predecessor, § 362(h), required an injured party to be made whole. Sternberg, 595 F.3d at 947. At the same time, Sternberg did not invalidate Walsh's finding that damages incurred on appeal are actual damages directly resulting from the stay violation itself. See id.

-16-

reconveyed to her.

In sum, the attorneys' fees incurred by Debtor in defending the bankruptcy court's Stay Violation Order on appeal were actual damages pursuant to § 362(k)(1). The bankruptcy court therefore abused its discretion when it decided that Sternberg prohibited recovery of those fees. We REVERSE the bankruptcy court's decision.

**B.    The bankruptcy court did not abuse its discretion in not awarding Debtor Appellate Attorneys' Fees pursuant to Rule 9011.**

On appeal, the District Court concluded that the bankruptcy court awarded Debtor damages pursuant to § 362(k)(1). Schwartz-Tallard, 438 B.R. at 320. At the same time, the District Court decided that Rule 9011 was not an appropriate basis for recovery of Debtor's damages in this case because the bankruptcy court did not adhere to the Rule's procedural requirements. Id. If the bankruptcy court so desired, however, the District Court authorized it, on remand, to invoke proper Rule 9011 procedures and, after further notice and a hearing, to award sanctions pursuant to that Rule. Id. at 323. However, the bankruptcy court chose not to do so, and, ultimately, no Rule 9011 damages were awarded.

On this record, we find no abuse of discretion in the bankruptcy court's decision to decline to award Debtor her Appellate Attorneys' Fees pursuant to Rule 9011. Moreover, Rule 9011 does not authorize this Panel to award Debtor her Appellate Attorneys' Fees.

///

///

-17-

**C.   The bankruptcy court did not abuse its discretion in not awarding Debtor's Appellate Attorneys' Fees pursuant to its inherent sanctioning authority under § 105(a).**

Section 105(a) authorizes a bankruptcy court to "issue any order, process, or judgment that is necessary to carry out the provisions of [title 11]." Neither the bankruptcy court nor the District Court found that the damages imposed against ASC were appropriate as § 105(a) contempt sanctions. Even so, Debtor now asks this Panel to hold that § 105(a) authorizes Debtor's Appellate Attorneys' Fees.

In exceptional circumstances, where an appellate court first determines that all other statutory or rule sources authorizing damages are not "up to the task," the court may find that awarded sanctions were justified under § 105(a). See Miller v. Cardinale (In re Deville), 280 B.R. 483, 494–97 (9th Cir. BAP 2002), aff'd 361 F.3d 539 (9th Cir. 2004) (awarding damages as § 105(a) sanctions after finding the bankruptcy court's only other potential source for awarding damages, Rule 9011, inapplicable due to a failure to follow the Rule's procedural requirements). However, the prerequisites to invoking § 105(a) are not met here. For example, an award pursuant to a bankruptcy court's § 105(a) power is typically not appropriate if another statute or the Rules otherwise support a sanctions award. Chambers, 501 U.S. at 50. Here, as we hold above, the bankruptcy court may award Debtor her Appellate Attorneys' Fees pursuant to § 362(k). As a result, there is no reason for this Panel to consider whether sanctions are somehow justified pursuant to § 105(a).

Also, prior to invoking § 105(a), a bankruptcy court must determine that the party to be sanctioned was provided sufficient

-18-

notice of the potential sanctions to satisfy due process. In re Deville, 280 B.R. at 496-97. "Generally, the notice regarding sanctions must specify the authority for the sanction, as well as the sanctionable conduct." Id. at 496. Debtor's Sanctions Motion was based on § 362(k) only; it did not mention Rule 9011 or § 105(a). Yet, a motion may also be sufficient to satisfy due process as to § 105(a) if it informs a party that sanctions are pursued for actions taken for "improper purposes," and that the sanctions are sought in addition to those sought under otherwise specified authority. In re Deville, 280 B.R. at 497. Debtor's Sanctions Motion did not assert that ASC had acted in bad faith, vexatiously, wantonly, for oppressive reasons, or for other improper purposes. Because Debtor did not provide ASC with sufficient notice to allow it to present objections to the imposition of § 105(a) sanctions, we will not now conclude that the bankruptcy court should have relied upon § 105(a) as a basis for awarding Debtor her Appellate Attorneys' Fees.

## VI. CONCLUSION

Because Debtor was forced to defend ASC's appeal to preserve the benefit of the bankruptcy court's ruling remedying the ASC stay violation and awarding her damages, Sternberg did not preclude the bankruptcy court from awarding Debtor her Appellate Attorneys' Fees. The attorney's fees Debtor incurred on appeal were a portion of Debtor's stay-enforcement damages for purposes of § 362(k) actual damages. We therefore REVERSE the decision of the bankruptcy court denying Debtor's request for an award of attorney's fees, and REMAND this matter to the bankruptcy court

-19-

for further proceedings consistent with this decision.[13]

---

[13] ASC contends no award of Appellate Attorney's Fees is appropriate in this case because it prevailed on two of the three issues it raised on appeal to the District Court. Since this argument implicates the amount of Debtor's damages incurred on appeal, this argument is one properly made to the bankruptcy court on remand.