*1098 ORDER AND OPINION
ORDER
The opinion and dissent in the above-captioned matter filed on April 16, 2014 and published at 751 F.3d 966 are WITHDRAWN. The superseding opinion and dissent shall be filed concurrently with this order.
The parties shall have fourteen (14) days from entry of the superseding opinion to file petitions for rehearing or petitions for rehearing en banc in the above-captioned matter.
IT IS SO ORDERED.
OPINION
HUCK, District Judge:
The issue on appeal is whether a debtor in bankruptcy can recover, as damages, attorneys’ fees for defending against a creditor’s appeal of a finding that the creditor violated the automatic stay. The Bankruptcy Code provides that “an individual injured by any willful violation of a stay ... shall recover actual damages, including costs and attorneys’ fees.” 11 U.S.C. § 362(k)(1). We recently held that a debtor’s attorneys’ fees for work on an adversary proceeding seeking damages for a stay violation were not actual damages under § 362. Sternberg v. Johnston, 595 F.3d 937, 948 (9th Cir.2010). In Sternberg, we stated that “the proven injury is the injury resulting from the stay violation itself. Once the violation has ended, any fees the debtor incurs after that point in pursuit of a damage award would not be to compensate for ‘actual damages’ under § 362(k)(l).” Id. at 947.
In this case, we are asked to apply § 362(k)(l) to a set of facts different than that addressed in Sternberg. Unlike in Sternberg, where a debtor filed an adversary proceeding in pursuit of damages, the debtor in this case is seeking attorneys’ fees incurred in defense of America’s Servicing Company’s (“ASC”) appeal of the bankruptcy court’s determination that ASC had violated the automatic stay. Because the attorneys’ fees at issue in this case were incurred for a different purpose than those in Sternberg, Sternberg does not prohibit the awarding of the attorneys’ fees at issue here. Moreover, following the reasoning in Sternberg, the fees at issue in this case fall within the meaning of “actual damages” in § 362(k)(l). Therefore, we affirm the Bankruptcy Appellate Panel (“BAP”) and grant Schwartz-Tal-lard’s request for an award of attorneys’ fees.
I. FACTS
ASC serviced a mortgage on Schwartz-Tallard’s home. On March 30, 2007, Sehwartz-Tallard filed for Chapter 13 bankruptcy, but continued to make mortgage payments. ASC believed Sehwartz-Tallard had fallen behind on her payments, and moved for relief from the automatic stay to foreclose on the property. On April 6, 2009, following ASC’s motion, the bankruptcy court lifted the automátic stay. Sehwartz-Tallard moved to reinstate the stay and the bankruptcy court orally granted the motion on May 13, 2009. ASC did not appear at the hearing. On May 20, 2009, ASC caused Schwartz-Tallard’s home to be sold at a trustee’s sale. It was not until June 3, 2009 — after the property had been sold — that the bankruptcy court entered the written order reinstating the stay.
On June 9, 2009, Sehwartz-Tallard filed a motion asserting that ASC had violated the automatic stay in her Chapter 13 bankruptcy, and seeking sanctions. Sehwartz-Tallard presented evidence that she was current on her mortgage payments through March 2009, but that ASC returned her April 2009 payment with a letter stating that her loan was in foreclo *1099 sure. Schwartz-Tallard also established that when the bankruptcy court reinstated the stay, she sent ASC the payments for April and May 2009, and enclosed a letter notifying ASC of the stay’s reinstatement. Inexplicably, ASC rejected the payments, still asserting that the property was in foreclosure.
On February 10, 2010, the bankruptcy court ruled that ASC had violated the stay and awarded Schwartz-Tallard damages, including attorneys’ fees and punitive damages. The bankruptcy court ordered that the property be put back into Schwartz-Tallard’s name within two days of the order (by February 12, 2010). On March 2, 2010, ASC appealed that order to the United States District Court for the District of Nevada. The next day, on March 3, 2010, ASC reconveyed the property to Schwartz-Tallard, thereby, according to ASC, remedying the stay violation. On appeal, the district court affirmed the bankruptcy court’s finding that ASC had violated the stay, and largely affirmed the bankruptcy court’s damages award.[1]
Schwartz-Tallard then moved to recover the attorneys’ fees incurred in litigating ASC’s appeal to the district court. These are the fees at issue in this appeal. The bankruptcy court denied the motion, and Schwartz-Tallard appealed to the BAP. The BAP held that Schwartz-Tallard’s attorneys’ fees for defending ASC’s appeal were actual damages under § 362(k)(l). ASC now appeals.
II. ANALYSIS
A. Standard of Review
We review the BAP’s conclusions of law and statutory construction de novo, meaning we independently review the decision of the bankruptcy court. In re Su, 290 F.3d 1140, 1142 (9th Cir.2002).
B. Sternberg
The Bankruptcy Code provides that “an individual injured by any willful violation of a stay ... shall recover actual damages, including costs and attorneys’ fees.” 11 U.S.C. § 362(k)(1). However, in Sternberg we held that not all attorneys’ fees associated with a stay violation are recoverable under § 362(k)(l).
In Sternberg, the debtor in bankruptcy’s ex-wife sought to have a state court hold the debtor in contempt for non-payment of spousal support. 595 F.3d at 940. The state court was aware of the debtor’s bankruptcy and had not yet resolved the issue of whether the contempt proceedings violated the stay. Nonetheless, the state court entered an order holding the debtor in violation of the divorce decree, and granting a specific monetary judgment for the debtor’s ex-wife. Id. at 941. The debtor sought relief from the order in two ways: by filing a motion asking the bankruptcy court to vacate the state court’s stay-violating order, and by initiating an adversary proceeding against his ex-wife and her counsel for not acting to remedy the state court’s order. Id. The bankruptcy court granted the debtor’s motion and vacated the state court order. Id. at 942. The adversary proceeding later went to trial in the bankruptcy court to determine whether the debtor’s ex-wife and her counsel had violated the stay, and, if so, the *1100 appropriate damages. Id. The bankruptcy court ruled in favor of the debtor’s ex-wife and her counsel; the debtor appealed; the district court reversed and found that the ex-wife and her counsel had violated the stay. Id. On remand, the bankruptcy court awarded damages, and the debtor’s ex-wife’s counsel appealed the damages award. Id.
In Sternberg, we reviewed the damages award and held that the debtor could not recover attorneys’ fees incurred prosecuting the adversary proceeding under § 362(k)(l). Id. at 948. We stated that “the proven injury is the injury resulting from the stay violation itself. Once the violation has ended, any fees the debtor incurs after that point in pursuit of a damage award would not be to compensate for ‘actual damages’ under § 362(k)(l).” Id. at 947. The outcome, we held, was consistent with the “financial and non-financial” purposes of the stay. Id. The financial purpose of the stay, as we explained, is to give the debtor time to put his finances back in order, allowing creditors to be satisfied to the extent possible and preventing creditors from pursuing their own remedies at each other’s expense. Id. at 948. The stay is “meant to help the debt- or deal with his bankruptcy for the benefit of himself and his creditors alike. We have never said the stay should aid the debtor in pursuing his creditors, even those creditors who violate the stay. The stay is a shield, not a sword.” Id. The non-financial goal of the stay is to create a “breathing spell” for the debtor, and we reasoned that more litigation was not consistent with that end. Id. Therefore, we concluded that “a damages action for a stay violation is akin to an ordinary damages action, for which attorney fees are not available under the American Rule.” Id.
The Sternberg decision overruled prior BAP precedent holding that “actual damages” under § 362(k)(l) were meant to return the debtor to the position the debt- or was in before the stay violation, and that ‘“the attorneys’ fees and costs incurred in prosecuting an adversary proceeding arising from a violation of the automatic stay are recoverable.’ ” Id. at 947, citing Beard v. Walsh (In re Walsh), 219 B.R. 873, 878 (9th Cir.BAP1998); Havelock v. Taxel (In re Pace), 159 B.R. 890, 900 (9th Cir. BAP 1993), vacated in part on other grounds by 67 F.3d 187 (9th Cir.1995).[2]
C. Analysis
The issue here is whether the attorneys’ fees Schwartz-Tallard seeks relate to her “enforcing the automatic stay and remedying the stay violation,” Stern-berg, 595 F.3d at 940, or whether they are more akin to prosecuting an adversary proceeding in pursuit of a claim for damages. Schwartz-Tallard’s defense of ASC’s appeal differs fundamentally from the independent damages action in Sternberg. Here, unlike in Sternberg, ASC appealed not only the damages award, but *1101 importantly, the bankruptcy court’s determination that the stay had been violated. In re Schwartz-Tallard, 473 B.R. 340, 349 (9th Cir. BAP 2012) (“[Schwartz-Tallard] was required to defend the bankruptcy court’s decision, not only to protect the award of damages, but also to uphold the bankruptcy court’s determination that ASC had, indeed, violated the stay.”)[3]
Sternberg specifically held that any fees a debtor incurs “in pursuit of a damage award ” are not covered. 595 F.3d at 947 (emphasis added). But here, the debt- or was not pursuing a damage award&emdash;she had already been awarded damages for the breach of the stay. She was, however, “remedying the stay violation,” within the meaning of Sternberg. Id. at 940. But for ASC’s appeal, Schwartz-Tallard’s litigation of this matter would have been complete. Even though the property was reconveyed to Schwartz-Tallard before the parties litigated the appeal, the appeal put not only the damages award, but importantly the finding that the stay had been violated in jeopardy. As the BAP noted, Schwartz-Tallard “was forced to defend [the] appeal to validate the bankruptcy court’s ruling that ASC had violated the stay, and to preserve her right to collect the pre-reme-dy damages awarded by the bankruptcy court.” In re Schwartz-Tallard, 473 B.R. at 350. In other words, unlike in Stern-berg, Schwartz-Tallard was not using the stay as a sword, but as a shield from stay violation. Sternberg, 547 F.3d at 948.[4]
*1102 Because we hold that Sternberg does not apply to a situation where a debtor defends herself when a creditor who had violated the automatic stay appeals that finding, Schwartz-Tallard is entitled to recover her attorneys’ fees as “actual damages” under 11 U.S.C. § 362(k)(1). The plain language of the statute includes attorneys’ fees in the definition of actual damages, and in the absence of Stern-berg’s limitations, there is no reason to contort that language to avoid this result. As we said in Sternberg, “Without a doubt, Congress intended § 362(k)(l) to permit recovery as damages fees incurred to prevent violation of the automatic stay.” 595 F.3d at 946. Where, as here, the debtor is defending an appeal that seeks to eliminate the finding that the stay was violated, we hold that the fees incurred defending such an appeal meet that Congressional purpose and are included in § 362(k)(l)’s definition of actual damages.
Our decision here is consistent with both the financial and non-financial purposes of the automatic stay that we emphasized in Sternberg. As to the financial purpose of preserving a debtor’s resources for creditors, ASC’s appeal compelled Schwartz-Tallard to spend money on litigation that would otherwise have been available to creditors. Awarding her attorneys’ fees under § 362(k)(l) eliminates this problem. As to the non-financial goal of allowing the debtor time to reorganize her finances, we noted in Sternberg that “[m]ore litigation is hardly consistent with the concept of a ‘breathing spell.’ ” 595 F.3d at 948. Here, unlike in Sternberg, the additional litigation resulted from ASC’s continued attempts to justify its stay-violating behavior — not from the debtor’s conduct. Awarding Schwartz-Tallard fees as damages under § 362(k)(l) furthers the non-economic goal of the automatic stay — it should act to deter stay violators from continuing to disturb the breathing spell the stay aims to create.[5]
III. CONCLUSION
Because the debtor was not pursuing a damages award, but rather defending ASC’s appeal of a previous finding of stay violation and thereby “remedying the stay violation,” Sternberg, 595 F.3d at 940, Sternberg does not prohibit the awarding of attorneys’ fees at issue here. The decision of the BAP, which reversed and remanded the bankruptcy court’s decision denying Schwartz-Tallard’s request for an award of attorneys’ fees, is
AFFIRMED.

. The district court reversed and remanded the bankruptcy court’s award of attorneys’ fees, but not because it found attorneys' fees were not warranted by § 362(k)(l). Rather, it remanded for the bankruptcy court to make a determination of actual fees expended or charged in connection with enforcing the stay and remedying the stay violation. America's Servicing Co. v. Schwartz-Tallard, 438 B.R. 313, 321 (D.Nev.2010). These are not the attorneys’ fees at issue in the instant appeal.

. Schwartz-Tallard asks us to re-consider the wisdom of Sternberg, arguing that it is an outlier among the circuits and has received substantial criticism for both its statutory construction and policy analysis. See In re Repine, 536 F.3d 512, 522 (5th Cir.2008) (awarding attorneys’ fees under section 362(k) to a debtor seeking damages); In re Webb, 472 B.R. 665, 2012 WL 2329051, *16 (6th Cir. BAP 2012) (unpublished) (same); In re Duby, 451 B.R. 664, 676-77 (1st Cir. BAP 2011) (same and criticizing Sternberg). However, we are bound by the decisions of prior panels so long as those decisions cannot be fairly distinguished. Miller v. Gammie, 335 F.3d 889, 900 (9th Cir.2003) (en banc); In re Southern California Sunbelt Developers, Inc., 608 F.3d 456, 464 (9th Cir.2010) (distinguishing Sternberg and holding that it does not bar a fee award under a different bankruptcy statute).

. This fact was made clear throughout the appeal from the bankruptcy court and in this proceeding. In ASC’s brief on appeal of the stay violation order, it argued that "the foreclosure sale ... was not a violation of the automatic stay.” Brief of ASC at 8, In re Schwartz-Tallard, No. 10-cv-00292 (D.Nev.2010). Similarly, in the district court, counsel for ASC opened his argument by stating that "If the Court decides there was a stay and my client violated it....” Transcript of Evidentiary Hearing at 7, In re Schwartz-Tallard, No. 10-cv-00292 (D.Nev.2010). In its published order, the district court noted and rejected these contentions, holding that the foreclosure sale of Schwartz-Tallard’s home "was an immediate violation of the stay” and ASC's contrary position "was not a persuasive argument.” America’s Servicing Company v. Schwartz-Tallard, 438 B.R. 313, 319-20 (D.Nev.2010). ASC’s counsel conceded that its appeal included an attempt to have the stay violation set aside during oral argument in front of our panel. Recording of Oral Argument at 7:03-7:35, ASC v. Schwartz-Tallard, No. 12-60052 (9th Cir.2014). To the extent that ASC now argues otherwise, see Appellant’s Petition for Rehearing and Rehearing En Banc at 3, 9, ASC v. Schwartz-Tallard, No. 12-60052 (9th Cir.2014), we find those contentions unavailing.

. The dissent argues that ASC did not attempt to reclaim Schwartz-Tallard’s home in its appeal. Dissent at 1106-08. This is correct as a description of ASC’s legal strategy and literal argument. But that fact does not bear the weight that the dissent’s analysis places on it. Because ASC explicitly challenged the finding that the stay existed at the time of its foreclosure, and challenged whether its foreclosure sale had violated any stay, Schwartz-Tallard’s defense of that action was a continuation of her efforts to "enforce the automatic stay.” See Sternberg, 595 F.3d at 948. As such, she may recover fees under both § 362(k)(1) and Sternberg.
As Sternberg recognized, "Without a doubt, Congress intended § 362(k)(l) to permit recovery as damages of fees incurred to prevent violation of the automatic stay.” 595 F.3d at 946. Preventing violation of the automatic stay should contain at least litigation against stay violators in the bankruptcy courts to obtain a declaration of stay violation, and the defense of findings of stay violation on appeal. If we apply the dissent’s theory of Sternberg, efforts in the bankruptcy court to enforce the stay would be ineffective, because a stay violator could seek to avoid a finding of stay violation by filing an appeal, which the debtor would then be unable to defend for lack of attorneys' fees.
We read Sternberg in light of its plain language: Fees are available for "efforts to enforce the automatic stay,” which logically includes defending appeals that challenge a *1102 finding of stay violation, but fees are not available for a debtor in pursuit of damages, which Schwartz-Tallard was not engaged in here. See 595 F.3d at 948.

. In reaching its conclusion, the BAP relied in part on In re Walsh, 219 B.R. 873 (9th Cir. BAP 1998). See In re Schwartz-Tallard, 473 B.R. 340, 350 (9th Cir. BAP 2012). However, in Sternberg, we rejected Walsh's reading of § 362(k)(l) to mean that the "actual damages” available to the injured party would necessarily make the injured party whole. Id. at 878. Walsh 's holding — that fees expended resisting the stay violator’s appeal were available under § 362(k)(l) as actual damages— was based in part upon the reasoning we later expressly rejected in Sternberg. Therefore, the BAP’s use of Walsh to explain the proper application of § 362(k)(l) is improper in view of Sternberg. See In re Burley, 738 F.2d 981, 986 (9th Cir.1984) (holding that the role of the BAP is as an adjunct to the circuit court, and explaining the importance of that relationship to the constitutionality of the BAP). In reaching our conclusion today, we do not rely on the partially abrogated Walsh decision.