WATFORD, Circuit Judge,
concurring:
I join the court’s opinion and write separately to add a few words on the attorney’s fees issue.
I agree with my colleagues that the fees award must be vacated, but it’s hard to fault either the bankruptcy court or the district court for that. Our court has made calculating attorney’s fees under 11 U.S.C. § 362(k)(l) unnecessarily complicated. The problem stems from our decision in Sternberg v. Johnston, 595 F.3d 937 (9th Cir.2010), where we construed § 362(k)(l)’s authorization of fee awards more narrowly than Congress likely intended.[1] Read most naturally, the statute allows a plaintiff to recover attorney’s fees incurred both in remedying a violation of the automatic stay and in bringing an action to recover the “actual damages” caused by that violation. That’s the sensible reading of the statute the Fifth Circuit adopted. In re Repine, 536 F.3d 512, 522 (5th Cir.2008). In Sternberg, however, we rejected that reading and held instead that § 362(k)(l) imposes, a temporal limit on the plaintiffs right to recover attorney’s fees, such that no fees may be recovered for any work performed after the stay violation has ended. 595 F.3d at 947. Thus, under our reading of § 362(k)(l), if the stay violation ends before the plaintiff ever files an action to recover her “actual damages,” none of the fees incurred in prosecuting the suit may be awarded. I don’t think that’s the regime Congress contemplated.
Nonetheless, as a three-judge panel, we’re bound by the rule in Sternberg, which requires us to vacate the award at issue here. Check Into Cash violated the automatic stay by wrongfully withdrawing $575 from Ms. Snowden’s bank account. Our task under Sternberg is to determine when the stay violation ended. As the court notes, when a creditor violates the stay by wrongfully seizing the debtor’s property, the stay violation usually doesn’t end until the creditor returns the property to the debtor. See In re Abrams, 127 B.R. 239, 242-43 (9th Cir. BAP 1991). That didn’t occur on May 20, 2009, as the bankruptcy court held, because Check Into Cash didn’t send Snowden a check on that date for $575 plus the overdraft fees she was charged. It offered to return those funds, but with strings attached: Check Into Cash styled its offer as a “counteroffer” to Snowden’s $25,000 settlement de *662 mand, so accepting the offer would have required Snowden to release her claims for emotional distress and punitive damages. Check Into Cash’s conditional, strings-attached offer to return the property it had wrongfully seized — an offer Snowden understandably rejected — did not end the stay violation.
I agree with the court that the stay violation ended by December 10, 2009, when the bankruptcy. court ordered the return of Snowden’s wrongfully seized property. Although Check Into Cash did not actually pay Snowden the $575 plus overdraft fees until some months later, by December 10, 2009, it no longer contested its obligation to pay those sums. Nor did Check Into Cash contest that it had actually violated the stay. Cf. In re Schwartz-Tallard, 765 F.3d 1096, 1102, 2014 WL 4251571, at *4 (9th Cir. Aug. 29, 2014) (stay violation hasn’t ended if defendant continues to contest whether a stay violation actually occurred). After the bankruptcy court’s December 10, 2009, ruling, Check Into Cash contested only whether Snowden was entitled to recover emotional distress and punitive damages as a result of the stay violation.
So, under Sternberg, we are left to remand this case to the bankruptcy court with instructions to (1) calculate the portion of Snowden’s pre-December 10, 2009, attorney’s fees attributable to her efforts to recover the $575 plus overdraft fees, and (2) disallow all remaining fees. This impractical (and inevitably somewhat arbitrary) exercise is sure to invite further litigation. That Sternberg requires such an odd, resource-consuming exercise, not dictated by the plain text of § 362(k)(l), is another reason to question the soundness of Sternberg’s holding.

. Section 362(k)(l) provides: "Except as provided in paragraph (2), an individual injured by any willful violation of a stay provided by this section shall recover actual damages, including costs and attorneys’ fees, and, in appropriate circumstances, may recover punitive damages."